IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| T.F., an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BB ST. LOUIS, LLC, d/b/a WENDY'S, | ) | Case No. 4:20-cv-01526 |
| a Foreign Limited Liability Corporation, | ) | |
| | ) | Removed from the Circuit Court |
| and | ) | of St. Louis County, Missouri |
| | ) | |
| MANNA, INC., d/b/a WENDY'S, | ) | State Court Cause No. 20SL-CC04769 |
| B.F. COMPANIES, and BRIDGEMAN | ) | |
| FOODS, a Foreign Corporation, | ) | JURY TRIAL DEMANDED |
| | ) | |
| and | ) | |
| | ) | |
| LEON DEMETRIUS, DURHAM, | ) | |
| an Individual, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant BB St. Louis, LLC hereby gives notice of the removal of the above-styled action to this Court from the Circuit Court of St. Louis County, Missouri.  In support of their Notice of Removal, Defendant BB St. Louis, LLC states as follows:

1.     Plaintiff T.F. ("Plaintiff") commenced the above-captioned action in the Circuit Court of St. Louis County, Missouri on or about August 27, 2020, by filing her Petition in the cause styled *T.F. v. BB Louis, LLC, Manna Inc., and Leon Durham*, Case No. 20SL-CC04769, against Defendant BB ST. Louis, LLC and Defendant Manna, Inc. ("Corporate Defendants") as well as an individual, Leon Durham.

2.      On September 24, 2020 Defendant BB ST. Louis, LLC was served a summons and a copy of the Petition.   Defendant Manna, Inc. joins and consents to the removal of this action.

3.      This Notice of Removal is timely because it is filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

4.      This action arises from Plaintiff's employment, and BB St. Louis, LLC was Plaintiff's employer.

5.      In her Petition, Plaintiff purports to bring seven (7) distinct causes of action including: 1) sex harassment under the Missouri Human Rights Act ("MHRA") against Corporate Defendants; 2) sex discrimination under the MHRA against Corporate Defendants; 3) retaliation under the MHRA against Corporate Defendants, 4) battery against Individual Defendant Leon Durham, 5) negligent hiring against Corporate Defendants, 6) negligent supervision against Corporate Defendants, and 7) Negligent Infliction of Emotional Distress against Corporate Defendants and Individual Defendant Leon Durham.

6.      Venue is proper in this Court because Plaintiff filed her Petition in the Circuit Court of St. Louis County, Missouri, which is located in the Eastern District's jurisdiction. 28 U.S.C. § 1441(a).

7.      The Court has original jurisdiction over the state court action under 28 U.S.C. § 1332 because all of the legitimate parties are citizens of different states and the amount in controversy exceeds $75,000.

## I.      DIVERSITY OF CITIZENSHIP

8.      At the time this action was filed and at all times since, Plaintiff was a citizen of the state of Missouri.  *See* Pl.'s Pet. ¶ 3.

9.      At the commencement of this action and at all times since, Defendant BB St. Louis, LLC was and continues to be a Kentucky corporation with its principal place of business in Louisville, Kentucky.  *See* Pl.'s Pet. ¶5.

10.     At the commencement of this action and at all times since, Defendant Manna, Inc. is a foreign corporation with its principal place of business in Louisville, Kentucky.  *See* Pl.'s Pet. ¶9.

11.     The citizenship of Individual Defendant Leon Durham should not be considered by the Court because he has been fraudulently joined and should be dismissed from this action.[1]

## II.      FRAUDULENT JOINDER

12.     A plaintiff fraudulently joins a defendant when "there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Menz v. New Holland North Amer., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (quoting *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)).

13.     If a party has been fraudulently joined, the Court ignores that party's citizenship in determining whether diversity jurisdiction exists. *See Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir. 1983).

14.     Plaintiff has fraudulently joined Defendant Leon Durham in her Petition because the MHRA preempts Plaintiff's tort claims (battery and negligent infliction of emotional distress) against Durham.

---

[1] Plaintiff's claims against Corporate Defendant Manna should also be dismissed.  There was no charge of discrimination against Manna, Inc.  *Se*e Pl.'s Pet., Exhibit A.  In addition, Manna, Inc. was not Plaintiff's employer under the MHRA.  Dismissal of Manna, Inc. however, will not impact diversity as it is a foreign corporation.

15.     Under Missouri law, the MHRA "shall provide the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." Mo. Rev. Stat. 213.070.2. Because Plaintiff's tort claims against Durham arose while she was employed by Defendant BB St. Louis and she bases her tort claims against Durham on the same facts that form the basis of her MHRA claims, there is no basis for her tort claims against Durham. *See Huskey v. Petsmart, Inc.*, No. 18-00813-CV-W-NKL, 2019 WL 122873, at *2 (W.D. Mo. Jan. 7, 2019) (denying the plaintiff's Motion to Remand and finding that the plaintiff had fraudulently joined an individual defendant because the MHRA's exclusive-remedy provision precluded the plaintiff's tort claims against the individual defendant); *Winfrey v. Ford Motor Company*, 2020 WL 1558117, *2 (W.D.Mo. April 1, 2020)(dismissing the plaintiff's breach of contract, negligence, and intentional or negligent infliction of emotional distress claims because they arose out of an employment relationship and from the same factual allegations underlying the plaintiff's MHRA claims); *State ex rel. Church & Dwight Co. v. Collins*, 543 S.W.3d 22, 28 (Mo. 2018)(holding the MHRA supersedes and displaces common law claims because it provides a fully comprehensive remedial scheme enveloping the remedies available for the common law claims.); and *Hoaglin v. HyVee Inc.*, No. 6:18-03262-CV-RK, 2019 WL 1928536, at *1 (W.D. Mo. Apr. 30, 2019) (denying the plaintiff's motion to add  tort claims because they were based on the same facts as those that formed the basis of her MHRA claims).

16.     Because the MHRA is the exclusive remedy for claims arising out of the employment relationship, and the tort claims against Durham are also the basis of the claims against Corporate Defendants under the MRHA, Durham is not a "party in interest properly joined." 28 U.S.C. § 1441(b).

17.     There is complete diversity of citizenship between Plaintiff and Corporate Defendants.[2]  Because there are no valid tort claims against Leon Durham, he should not be considered a party when determining diversity.  *See* 28 U.S.C. § 1332(a)(1).

### III.     AMOUNT IN CONTROVERSY

18.     Plaintiff pleads damages "in excess of $25,000" for Count I against Corporate Defendants.  Pl.'s Pet. p .16.  Plaintiff pleads damages "in excess of $25,000" for Count II  against Corporate Defendants.  *Id.* at p. 20.    Plaintiff pleads damages "in excess of $25,000" for Count III against Corporate Defendants.  *Id.* at p. 23.  Therefore, in just the first three counts Plaintiff pleads damages in excess of $75,000.

19.     Moreover, Plaintiff seeks damages under the MHRA resulting from alleged sex harassment, sex discrimination, and retaliation under the MHRA. The MHRA allows for potential recovery of lost back pay, front pay, compensatory damages for emotional distress, punitive damages, and attorney's fees. *See* § 213.111.2, RSMo.

20.     The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether a fact finder might *legally conclude*" that the plaintiff's damages are greater than $75,000.  *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002).  Courts consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000.  *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992).

21.     Plaintiff's alleged damages include actual, compensatory, and punitive damages.  *See* Petition.

---

[2] As noted above, the claims against Corporate Defendant Manna are also improper, but do not impact diversity, as it is a foreign corporation.

22.     Under the MHRA, a successful plaintiff is also entitled to recover reasonable attorney's fees.  Courts consider attorneys' fees in determining whether the amount in controversy exceeds $75,000. *Allison v. Sec. Ben. Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

23.     If Plaintiff prevails on her MHRA claims at trial, his attorney's fees themselves will exceed $75,000.00.  *See Campos v. City of Blue Springs, Missouri*, 289 F.3d 546, 553 (8th Cir. 2002) ($79,238.70 in attorneys' fees awarded to prevailing plaintiff in discriminatory discharge case); *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1052 (8th Cir. 2002) ($168,551.78 in attorneys' fees and $14,700.79 in costs); *Kline v. City of Kansas City, Mo. Fire Dept.*, 245 F.3d 707, 708 (8th Cir. 2001) ($277,900 in attorneys' fees); *Arneson v. Callahan*, 128 F.3d 1243, 1248 (8th Cir. 1997) ($178,610 in attorneys' fees).

24.     In addition, past cases under the MHRA have resulted in punitive damages awards in excess of $75,000. *See, e.g., Denesha v. Farmers Insurance Exchange*, 161 F.3d 491, 504 (8th Cir. 1998) ($700,000 in punitive damages); *Williams v. Trans States Airlines, Inc.*, 281 S.W.3d 854 (Mo. Ct. App. 2009) ($325,000 in punitive damages).

25.     Accordingly, there is "legal certainty" that – if Plaintiff prevails on her claims as pleaded – her damages and attorneys' fees will exceed $75,000 and the jurisdictional amount in controversy requirement is met.

## IV.    CONCLUSION

26.     Defendant BB St. Louis, LLC properly removes this case to federal court pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Corporate Defendants, the only defendants not fraudulently joined, and the amount in controversy exceeds $75,000.

27.     Pursuant to U.S.C. § 1446(d), Defendant BB ST. Louis, LLC has given written notice of its filing of this Notice of Removal to counsel for Plaintiff. Defendant BB ST. Louis, LLC will also promptly file a copy of this Notice with the Circuit Court of St. Louis County, State of Missouri.

28.     Pursuant to 28 U.S.C. 1446(a), copies of the state court file is attached to this Notice as Exhibit A.

WHEREFORE, Defendant BB St. Louis, LLC. by and through counsel, desiring to remove this civil action of the United States District Court for the Eastern District of Missouri, prays that the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the Circuit Court of St. Louis County, State of Missouri, shall effect the removal of said civil action to this Honorable Court.

*/s/ Julie Z. Devine*

Stephen L. Beimdiek        #32745MO
Julie Z. Devine            #58268MO
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939/Telephone
(314) 621-6844/Fax
sbeim@lashlybaer.com
jdevine@lashlybaer.com

Attorneys for Defendant
BB St. Louis, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of October, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and a copy was mailed, via First Class U.S. Mail, postage prepaid, to: Leon Demetrius Durham, 8668 Brittany Town Place, Hazelwood, Missouri 63042, Defendant; and Cyrus Dashtaki, Esq. (cyrus@dashtaki.com), Dashtaki Law Firm, LLC, 5205 Hampton Avenue, St. Louis, Missouri 63109, Attorneys for Plaintiff.

*/s/ Julie Z. Devine*
