**20SL-CC04769**

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| T.F., an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| BB ST. LOUIS, LLC, d/b/a WENDY'S, | ) | Division: |
| a foreign limited liability corporation, | ) | |
| | ) | |
| Serve:  RA CT Corporation System | ) | **JURY TRIAL DEMANDED** |
| 120 South Central Avenue | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MANNA, INC., d/b/a WENDY'S, | ) | |
| B.F. COMPANIES, and BRIDGEMAN FOODS, | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Serve:  RA Karen M. Campbell | ) | |
| 3309 Collins Lane | ) | |
| Louisville, KY 40245 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LEON DEMETRIUS DURHAM, an individual, | ) | |
| | ) | |
| Serve: 8668 Brittany Town Place | ) | |
| Hazelwood, MO 63042 | ) | |
| | ) | |
| Defendants. | ) | |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff T.F. ("Plaintiff"), by and through her undersigned counsel, and for

her Petition for Damages and Injunctive Relief against Defendant BB St. Louis, LLC d/b/a

Wendy's ("Defendant BB"), Defendant Manna, Inc. d/b/a B.F. Companies, d/b/a Bridgeman

Foods, and d/b/a Wendy's, ("Defendant Manna") and Defendant Leon Durham ("Defendant

Durham") (collectively, "Defendants"), states as follows:

**EXHIBIT 1**

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

## INTRODUCTION

1.      This lawsuit is being brought by Plaintiff T.F. ("Plaintiff") to seek redress for unlawful employment discrimination based on sex and retaliation and Missouri common law. Defendants cultivate a corporate culture in which women are viewed as second class citizens. Because of her sex, Defendants subjected Plaintiff to disadvantageous terms and conditions of employment, and undermined, isolated, demeaned, and harassed Plaintiff on account of her complaints of sexual harassment from her adult male supervisor. After Plaintiff bravely complained of the sexual harassment, Defendants contradicted their own policies and practices and ostracized her in retaliation for speaking up. Indeed, instead of conducting a proper investigation and taking effective remedial action when Plaintiff complained of sex discrimination/harassment, Defendants callously told Plaintiff her supervisor should "behave and keep his hands to himself."  A couple weeks later when Plaintiff's supervisor rubbed his genitals along her back, Defendants transferred Plaintiff's supervisor to another store location. Defendants' actions (and inactions) amount to severe violations of the Missouri Human Rights Act ("MHRA"). Further, Defendants have retaliated against Plaintiff for engaging in activities that are legally protected by the MHRA. Ultimately, the conduct, inaction, and lack of accountability of Defendants BB and Manna and their employees culminated in the constructive discharge of Plaintiff's employment.

2.      Plaintiff brings this action for damages against Defendants for their actions and inactions under the Missouri Human Rights Act, § 213.010 et seq., RSMo (2000) , as amended ("MHRA"), Missouri common law, and seeks declaratory and injunctive relief and compensatory and punitive damages. Additionally, the claims hereinafter seek damages for Defendant Durham's Battery.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

## PARTIES

3.      Plaintiff is, and at all relevant times has been, a resident of St. Louis County, Missouri.

4.      At all times relevant hereto, Plaintiff worked as a crew member for Defendants at the Wendy's located at 13945 Missouri Bottom Road, Bridgeton, MO 63044.

5.      Defendant BB is a foreign limited liability corporation registered with the Missouri Secretary of State, and organized, established, and existing under and by virtue of the laws of the State of Kentucky, and maintains its principal office at 3309 Collins Lane, Louisville, Kentucky, 40245, United States. Upon information and belief, Defendant BB owns and/or operates over thirty (30) Wendy's locations in the St. Louis metropolitan area, including the Wendy's restaurant located at 13945 Missouri Bottom Road, Bridgeton, MO 63044 ("Bridgeton Wendy's").[1]

6.      Defendant BB is responsible for its actions, policies, practices, and customs as well as the hiring, screening, training, supervision, controlling, firing, and disciplining of employees of BB.

7.      Defendant Durham was store manager of the Bridgeton Wendy's, on information and belief, is a resident of the State of Missouri.

8.      At all times relevant hereto, Durham worked as a direct supervisor of Plaintiff and was an agent and/or employee for Defendants BB and Manna.

9.      Defendant Manna is a foreign corporation that is *not* registered with the Missouri Secretary of State. Upon information and belief, Defendant Manna is organized, established, and existing under and by virtue of the laws of the State of Kentucky, conducting business in the state of Missouri under several pseudonyms, including BF Companies, Bridgeman Foods, Wendy's,

---

[1] https://www.stltoday.com/business/local/nba-stars-buy-30-st-louis-area-wendys-restaurants/article_28fa51e6-dcd0-58e3-98ca-70e86df79025.html

Electronically Filed - St. Louis County - August 27, 2020 - 04:45 PM

and maintains its principal office at 3309 Collins Lane, Louisville, Kentucky, 40245. Upon information and belief, Defendant Manna owns and/or operates over 139 Wendy's locations in sixteen (16) states, including the Wendy's Bridgeton, and was conducting extensive business in the State of Missouri and in St. Louis County, Missouri.

10.     Upon information and belief, Defendant Manna is responsible for the "day-to-day requirements of the operations" of Defendant BB, including but not limited to: payroll and personnel services, employee benefit administration, human resources management, employee training, employee relations, bookkeeping, accounting, administrative support, financial analysis, accounting, securing insurance, preparing regulatory reports, billing and collection services, providing in-house counsel, obtaining and maintaining licensure and certification, preparing and filing tax returns, and handling complaints of discrimination/retaliation, and other unknown services on behalf of and in the interest of Defendant BB.

11.     Defendants BB and Manna, combined, are a joint employer of Plaintiff. Defendants BB and Manna engaged in the following activities regarding Plaintiff, including but not limited to: day-to-day supervision; the ability to discipline, hire, and fire; common supervisory control over Plaintiff's employee records, wages, schedule, and working conditions; promulgated and maintained work assignments, policies, and procedures; and established terms, conditions, and privileges of employment, including where and/or how the work was performed.

12.     Upon information and belief, Defendant BB partnered with and/or contracted with Defendant BB to provide, among other things, human resource services, payroll services, benefit services, personnel services, and handling of complaints of discrimination/retaliation and to take on their administrative and management duties.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

13.     Upon information and belief, Defendant Manna is also responsible for the actions, policies, practices, and customs of Defendant BB as well as the hiring, screening, training, supervision, controlling, firing, and disciplining of employees of Defendant BB.

14.     At all times herein mentioned, Defendant BB utilized Defendant Manna to provide human resource services on its behalf. Defendant BB had actual and/or constructive knowledge of the acts of Defendant Manna, and authorized, approved, acquiesced, and ratified the unlawful discrimination and retaliation.

15.     Upon information and belief, Defendant Manna was authorized to act, and did act, as a representative and/or agent of Defendant BB, and Defendant Manna exercised sufficient control over Defendant BB, and Defendant Manna was at all such times acting within the scope and course of its agency with Defendant BB, thus making Defendant BB vicariously liable for said actions and/or omissions.

16.     Defendant BB knew (or reasonably should have known) that complaints of discrimination and retaliation by its employees were being submitted to Defendant Manna.

17.     Defendants BB and Manna are employers, and Plaintiff is an employee under §§ 213.055.1 and 213.010, RSMo.

<center>**JURISDICTION AND VENUE**</center>

18.     Defendants' unlawful employment practices complained of herein occurred in St. Louis County, Missouri; therefore jurisdiction and venue are proper in this Court.  The Court has jurisdiction over the subject matter of the action pursuant to § 213.111, RSMo, as the acts, occurrences, and events alleged in the action took place, in whole or in part, in St. Louis County, Missouri.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

## JURISDICTIONAL PREREQUISITES

19.     On or about November 4, 2019, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights, ("MCHR"), detailing the allegations included herein.  A true and correct copy of Plaintiff's Charge of Discrimination is attached hereto and incorporated by reference as *Exhibit A*.

20.     On or about May 5, 2020, Plaintiff timely requested a Notice of Right to Sue.

21.     On August 7, 2020, the MCHR issued Plaintiff a Notice of Right to Sue. Accordingly, Plaintiff has fully complied with all jurisdictional prerequisites under the MHRA to bring this action. A true and correct copy of Plaintiff's Notice of Right to Sue is attached hereto and incorporated by reference as *Exhibit B*.

## FACTUAL ALLEGATIONS

22.     Plaintiff is a female.

23.     At the beginning of her employment as a crew member with Defendant Wendy's, Plaintiff was a 16-year-old minor. Plaintiff became eighteen (18) years of age on May 4, 2020.

24.     Defendant Manna exercises significant control over its employees who work for Defendant BB, including crew members, shift supervisors, assistant managers, and managers.

25.     Defendants Manna and BB require the managers and supervisors of their Wendy's locations, including at Wendy's Bridgeton, to apply for positions with Manna and BB on their company website: www.bfcareers.com. The manager application process is entirely online.

26.     Defendants BB and Manna have misled and continue to mislead its applicants and employees about the safety and security measures it used to protect their employees.

27.     Upon information and belief, Defendant Manna and BB generally outsource background checks of managers and supervisors to third party vendors that do not perform

Electronically Filed - St. Louis County - August 27, 2020 - 04:45 PM

stringent background checks to protect employees. Upon information and belief, the background checks run potential managers and supervisors through databases similar to a private consumer credit agency, which only goes back for a period of seven (7) years and does not capture all arrests and convictions.

28.     Upon information and belief, prior to Durham's employment with Defendants BB and Manna, Durham was previously charged and convicted of two (2) felony sex crimes (rape and sexual abuse-1st degree) in the State of Missouri.

29.     Upon information and belief, Defendants Manna and BB hired Durham on or about October 10, 2016.

30.     Plaintiff's employment with Defendants Manna and BB began in May 2018 and continued through September 2018 at Defendants BB and Manna's Wendy's location at 10710 Page Avenue, St. Louis, MO 63132.

31.     On or about December 23, 2018, Plaintiff was rehired by Durham to work at Defendants Manna and BB's Wendy's Bridgeton location as to better accommodate her high school schedule.

32.     Plaintiff was employed for approximately two (2) years as a Crew Member for Defendants BB and Manna.

33.     Plaintiff was supervised by Durham throughout her employment.

34.     Plaintiff performed her job duties in a satisfactory manner.

35.     Shortly after Plaintiff began her employment at Defendants BB and Manna's Wendy's Bridgeton location, Plaintiff observed Durham's hand wrapped around Nadia, a female co-worker's waist.

36.     Upon information and belief, Nadia was 17 years old.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

37.     Durham would quickly move his hand away from Nadia's waist when he saw Plaintiff walking near his office door. This occurred on more than one occasion.

38.     Beginning in February 2019 and continuing on a regular basis throughout her employment, Plaintiff was subjected to sexist, derogatory, sex-based harassment, insults, and bullying.  Plaintiff was treated differently based on her sex, including but not limited to explicit touching, groping, and grinding of Plaintiff's various body parts by Durham, none of which were welcome by Plaintiff.

39.     In February 2019, on at least two occasions, as Plaintiff was counting her cash drawer in the office, Durham placed his hand around her lower back and waist, moving downward toward her buttock.  Plaintiff counted her drawer as quickly as possible and immediately left the office.

40.     In March 2019, on at least three occasions, Durham asked Plaintiff to come into his office, where he persistently asked her to give him a hug as he placed his hand on her waist. Plaintiff stated "No" each and every time. Durham made light of the scenario and tried to play it off as a joke.

41.     On more than one occasion, Durham took it upon himself to rub and touch Plaintiff's shoulders.

42.     In April 2019, on more than one occasion, Durham grabbed Plaintiff's buttock while she was in the office. Plaintiff told Durham "Stop!" to which Durham replied, "Don't have to." Plaintiff had to physically remove Durham's hands from her buttock every time.

43.     Plaintiff was scared and did not know who to tell and how to handle the situation, as she had not received any training on sexual harassment from Defendants BB and Manna and feared that she would lose her job if she told anyone what had occurred.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

44.     Soon after the events in April, Durham a/k/a "Mr. Boogie" sent Plaintiff an invitation request on Instagram and Snapchat. Plaintiff did not accept his requests.

45.     In May 2019, while Plaintiff was working near the grill, Durham raised up her shirt, laughed, snapped her underwear, and said out loud to Plaintiff "your panties are dirty." Plaintiff quickly turned around and asked Durham why he touched her and told him to "Stop!"

46.     In June 2019, Durham grabbed Plaintiff by the ponytail. As she tried to pull away, Durham yanked very hard while stating, "I can't touch you? Yes, I can. Girls can touch you too." After Durham finally released Plaintiff's ponytail, she went out the back door feeling violated, embarrassed, and humiliated.

47.     In June 2019, Durham forced Plaintiff's hand onto his genitalia while making obscene motions mimicking masturbation. Plaintiff tried to pull away, yet Durham was able to maintain a tight grip on her wrist. When he finally decided to release Plaintiff's wrist, she went out the front door feeling overwhelming emotions of disgust, fear, and humiliation. Durham followed Plaintiff outside, behaving as if nothing had happened.

48.     In June 2019, while Plaintiff was counting down her drawer in the office, Durham tried to unzip her pants and touched her vaginal area through the outside of her pants. Plaintiff yelled, "Stop touching me!" and left the office.

49.     One weekend morning in June 2019, as Plaintiff was clocking in, Durham asked her why she had a book bag and if she was coming from her boyfriend's house. Durham repeatedly asked Plaintiff if she and her boyfriend have sex and inquired about sexual positions and oral sex. Durham asked, "you be sucking his dick?" Durham continued with the embarrassing and explicit interrogations. When Plaintiff refused to engage him, Durham laughed and stated, "I got different hoes." Durham then grabbed Plaintiff's buttock and asked, "Do you like it when I do that?"

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

Plaintiff replied, "No." Durham then said he would not touch Plaintiff anymore. Plaintiff walked out of the office.

50.     In August 2019, while Plaintiff was in the break room Durham open-handed spanked her buttock. Plaintiff asked Durham, "Why did you do that?" Durham laughed and walked away.

51.     On or about August 24, 2019, Plaintiff's mother contacted Jim Robinson ("Robinson"), Director of Operations for Defendants BB and Manna, on behalf of her minor daughter, to inform him of the unwelcome sexual advances, including touching, grabbing, groping, explicit language, and social media requests made by Durham to Plaintiff. Robinson notified Plaintiff's mother that Defendants BB and Manna's district manager, Stephanie Thomas ("Thomas"),86 was on a weekend camping trip and would be in touch as soon as possible.

52.     On or about August 27, 2019, Thomas communicated to Plaintiff and Plaintiff's Mother that she would investigate the allegations and that Plaintiff's identity would remain anonymous.

53.     Instead of conducting a proper investigation and taking effective remedial action when Plaintiff and her mother complained of sexual harassment, Defendants BB and Manna permitted Durham to continue to work with Plaintiff and offered no recourse.

54.     After Durham learned of Plaintiff's complaints, he retaliated against Plaintiff, as he blatantly ignored and ostracized Plaintiff when compared to other similarly situated employees, causing Plaintiff to fear she would lose her job. Plaintiff felt extremely uncomfortable while at work. Plaintiff felt like she was walking on eggshells.

55.     On or about September 11, 2019, Plaintiff's mother reached out to Robinson to follow up on the investigation that Thomas had promised. Plaintiff and her mother notified Thomas

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

that Durham continued to mistreat Plaintiff, and was now retaliating against Plaintiff because she had informed Robinson and Thomas of his sexual advances and discriminatory behavior toward Plaintiff.

56.     On or about September 11, 2019, Thomas, Defendants BB and Manna's district manager told Plaintiff "We sat down and talked to Leon so he should behave and keep his hands to himself."

57.     Defendants BB and Manna did not conduct a prompt and thorough investigation immediately after receiving Plaintiff's complaints of sexual harassment by Durham.

58.     Despite Thomas telling Plaintiff that Durham was "talked to", Plaintiff's harassment complaints did not result in any protection for her from Durham.

59.     On or about October 2, 2019, Durham snuck up behind Plaintiff and rubbed his genitals along her lower back while she was in the office. Plaintiff had to push Durham's body off her.

60.     Upon information and belief, a few days after the October 2, 2019 events, another female at the Wendy's Bridgeton location complained about sexual harassment and the Bridgeton Police Department was called to the scene.

61.     After the October 2, 2019 incident where Durham rubbed his genitals against Plaintiff, Defendants BB and Manna again failed to conduct a thorough and proper investigation or take prompt, effective remedial action. Instead, Defendants BB and Manna transferred Durham to another one of their Wendy's location, subjecting other female employees to the same sexually harassing behavior.

62.     At or near the end of April 2020, Plaintiff learned through a co-worker that Durham's stepdaughter was hired to work at the same location as Plaintiff, and that Durham had

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

been seen at the Wendy's Bridgeton location. Plaintiff became increasingly stressed, anxious, and fearful that she would be forced to see Durham again.  Plaintiff's distress was so severe that she was having nightmares about seeing Durham at work.

63.     Plaintiff felt that the harassment, and subsequent inadequate and retaliatory responses to her complaints were intended to marginalize, demoralize, and silence Plaintiff and create and intolerably hostile work environment—in short, to drive Plaintiff out of her employment with Defendants BB and Manna.

64.     As  a result, Plaintiff felt compelled to resign from her position at the Wendy's Bridgeton location completely ending her employment relationship with Defendants BB and Manna.

65.     Plaintiff was constructively discharged from her position as a crew member at the Wendy's Bridgeton location on May 1, 2020.

66.     Upon information and belief, Defendant BB and Manna's management, employees, and other individuals had knowledge or should have had knowledge of Durham's previous improper sexual behavior toward young female employees and non-employees.

67.     Defendants BB and Manna have a corporate culture in which complaints of sexual harassment are not taken seriously, and consequently have become a part of the routine practices of Defendant.

68.     Plaintiff confronted Durham several times and objected to his comments and asked for it to stop, but despite Plaintiff's objections the sex-based comments continued.

69.     On several different occasions Plaintiff complained to management and human resources about discrimination, but they did not or could not take any action to stop the sex-based discrimination towards Plaintiff.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

70.     A reasonable person of Plaintiff's sex (i.e., a female) would find that the foregoing conduct created a work environment that was hostile and abusive.

71.     Plaintiff complained repeatedly to the highest-level officials at Defendants BB and Manna, including repeated complaints about sex discrimination and harassment, but despite Plaintiff's complaints and Thomas' admission that "we sat down and talked to Leon so he should behave and keep his hands to himself," Defendants BB and Manna failed to investigate and address the sex discrimination and harassment and it continued unabated.

### COUNT I – SEX HARASSMENT IN VIOLATION
### OF THE MISSOURI HUMAN RIGHTS ACT
(Against Defendants Manna and BB, collectively "Defendants" in Count I)

72.     Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Petition.

73.     Defendants have engaged in unlawful discriminatory acts that are prohibited under the MHRA.

74.     Plaintiff is a "person" as defined under the MHRA.

75.     Defendants are "employers" as defined under the MHRA.

76.     Sex is a protected class under the MHRA.

77.     Plaintiff, as a female employee, is protected by Chapter 213, RSMo.

78.     Defendants treated Plaintiff inequitably based upon her sex and created an intimidating, hostile or offensive working environment because of her sex, through actions and comments as described above.

79.     All the sexist, derogatory sex-based comments, insults, unwelcome sexual advances, and unwanted touching were directed at Plaintiff because of her sex.

80.     Male employees were not subjected to intimidating, hostile, offensive comments,

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

unwelcome sexual advances, or unwanted touching as described above.

81.     Plaintiff's sex was at least a motivating factor in Defendants' efforts to create an intimidating, hostile and offensive working environment for Plaintiff.

82.     A term, condition or privilege of Plaintiff's employment was affected by Defendants' discriminatory acts and sex harassment.

83.     As set forth in detail above, Plaintiff made numerous complaints about being subjected to unlawful harassment based on her sex.

84.     The sex harassment, as aforesaid, continued after Plaintiff complained to Defendants' management about the harassment.

85.     Defendants' managers and supervisors knew or should have known of prohibitions against discrimination based on sex, and they did nothing to address the discrimination and harassment directed towards Plaintiff and failed to implement effective and appropriate procedures to stop the inequitable treatment and harassment of Plaintiff based on her sex.

86.     The sex harassment, as aforesaid, was sufficiently severe and/or pervasive that a reasonable person would find Plaintiff's work environment to be hostile and/or abusive.

87.     At the time the sex harassment occurred, as aforesaid, and as a result of such actions, Plaintiff believed her work environment to be hostile and abusive.

88.     Defendants' harassment of Plaintiff unreasonably interfered with Plaintiff's work performance.

89.     Defendants' harassment of Plaintiff adversely affected Plaintiff's physiological well-being.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

90.     The harassment to which Plaintiff was subjected would affect the psychological well-being of a reasonable person and would unreasonably interfere with the work performance of a reasonable person.

64.     Plaintiff subjectively perceived Defendants' treatment to be inappropriate, hostile, and offensive; and a reasonable person in Plaintiff's circumstances would consider Defendants' treatment to be objectively inappropriate, hostile, and offensive.

91.     The sex harassment of Plaintiff culminated in a tangible employment action, in that Plaintiff was continually assigned to work with the harassing employee and the harassing employee was seen visiting the Wendy's Bridgeton location, and was ultimately constructively discharged by Defendants.

92.     Defendants did not and do not endeavor to protect all their employees from discrimination and/or harassment. They do not conduct prompt or thorough investigations of sex discrimination and harassment complaints that are raised by employees. The result is that employees like Plaintiff are discouraged from complaining, and discrimination and harassment in the workplace is exacerbated.

93.     As a direct result of Defendants' discriminatory practices, actions and failures to act as described herein, Plaintiff has sustained and continues to sustain damages, including but not limited to economic damages, including lost earnings, noneconomic damages, including without limitation, emotional distress, humiliation, fear, anxiety, dread, inconvenience, mental anguish, embarrassment, and deprivation of her civil rights.

94.     In addition, Plaintiff has incurred and will continue to incur attorneys' fees, costs, and expenses of suit.

95.     Defendants' conduct was outrageous because of their evil motive or reckless

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

indifference to the rights of Plaintiff, thereby entitling her to an award of punitive damages in an amount that will punish Defendants and deter Defendants and others from like conduct.

96.     The agents, servants, and employees of Defendants identified above, were at all such times acting within the scope and course of their agency and employment; and/or their actions were expressly authorized by Defendants; and/or their actions were ratified by Defendants, thus making Defendants liable.

WHEREFORE, Plaintiff T.F., prays that this Court will, after trial by jury, enter judgment against Defendants and in her favor on Count I of this Petition and for a finding that she has been subjected to sexual harassment and a hostile work environment prohibited by §213.010, *et seq.*; award Plaintiff actual, compensatory, and/or punitive damages in such an amount in excess of $25,000.00 as is deemed fair and reasonable; prejudgment interest, as allowed by law; for reasonable attorneys' fees, costs, and expenses of litigation; for injunctive relief or other appropriate equitable relief; and for such other relief as this Court deems just, proper and justice requires.

### COUNT II – SEX DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT
#### (Against Defendants Manna and BB, collectively "Defendants" in Count II)

97.     Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Petition.

98.     Defendants have engaged in unlawful discriminatory acts that are prohibited under the MHRA.

99.     Plaintiff is a "person" as defined under the MHRA.

100.     Defendants are "employers" as defined under the MHRA.

101.     Sex is a protected class under the MHRA.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

102.    Plaintiff, as a female employee, is protected by Chapter 213, RSMo.

103.    Defendants treated Plaintiff inequitably based upon her sex and unlawfully discriminated against Plaintiff because of her sex. Examples of unlawful discrimination include, but are not necessarily limited to, the following:

a.    Defendants' employees ignored Plaintiff's complaints;

b.    Defendants failed to properly investigate Plaintiff's complaints of discrimination/harassment;

c.    Defendants failed to make credibility determinations on Plaintiff's complaints of discrimination/harassment;

d.    Defendants failed to make proper findings in response to Plaintiff's complaints of discrimination;

e.    Defendants failed to take appropriate corrective action in response to Plaintiff's complaints of discrimination/harassment;

f.    Defendants failed to maintain previous corrective action that shielded Plaintiff from previous discrimination/harassment, including but not limited to assigning Plaintiff job duties and work locations that prevented Plaintiff's interactions with employees who harassed Plaintiff;

g.    Defendants allowed Plaintiff to be subjected to continued and ongoing discrimination/harassment, despite Defendants' promises that Plaintiff would not be subjected to the same;

h.    Defendants ostracized and ignored Plaintiff after she complained of discrimination/harassment; and

i.    Defendants constructively discharged Plaintiff.

17

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

104.    The conduct and actions of the above referenced constitutes prohibited sex discrimination under the MHRA.

105.    Defendant constructively discharged Plaintiff by virtue of the foregoing acts of discrimination, and by failing and refusing to provide Plaintiff with a workplace that was free of unlawful discrimination, harassment, and retaliation.

106.    Defendants made the decision to treat Plaintiff less favorably than her similarly situated male co-workers, and all the adverse actions, because of her sex.

107.    When Defendants made the decision to treat Plaintiff less favorably than her similarly situated male co-workers, Plaintiff's sex was at least a factor in Defendants' decisions.

108.    Defendants instituted a continuous practice of exhibiting discriminatory and demeaning behavior toward female employees and staff members, including Plaintiff and treated Plaintiff inequitably based upon her sex and provided unfavorable workplace terms, conditions, and privileges of employment as compared to other employees who are not female.

109.    Defendants, by their actions, inactions, and failures to act, including but not limited to those described above, have discriminated against Plaintiff on account of her sex in violation of the MHRA.

110.    A term, condition or privilege of Plaintiff's employment was affected by Defendants' discriminatory acts.

111.    Defendants' actions, inactions, and omissions, as aforesaid, constitute unlawful employment practices in violation of the MHRA.

112.    Defendants' management knew or should have known of prohibitions against discrimination, bias and prejudice based on sex, and did nothing to address the discrimination, bias

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

and prejudice directed towards Plaintiff and failed to implement effective and appropriate procedures to stop the inequitable treatment of Plaintiff based on her sex.

113.    As a direct and proximate result of the foregoing, Plaintiff suffered discrimination based upon her sex in the terms, conditions, and privileges of her employment, in violation of § 213.055, RSMo at the hands of Defendants.

114.    Furthermore, Defendants condoned, ratified, and/or authorized the actions and omissions against Plaintiff, and constituted unlawful discriminatory practices under the MHRA.

115.    Defendants did not, and do not endeavor to protect all their employees from discrimination, bias, and prejudice in the workplace. Defendants do not conduct prompt or thorough investigations of sex discrimination and harassment complaints that are raised by employees. The result is that employees like Plaintiff are discouraged from complaining, and discrimination in the workplace is exacerbated.

116.    As a direct result of Defendants' discriminatory practices, actions and failures to act as described herein, Plaintiff has sustained and continues to sustain damages, including but not limited to economic damages, including lost earnings, noneconomic damages, including without limitation, emotional distress, humiliation, anxiety, dread, inconvenience, mental anguish, embarrassment, and deprivation of her civil rights.

117.    In addition, Plaintiff has incurred and will continue to incur attorneys' fees, costs, and expenses of suit.

118.    Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of Plaintiff, thereby entitling her to an award of punitive damages in an amount that will punish Defendants and deter Defendants and others from like conduct.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

119.    The agents, servants, and employees of Defendants identified above, were at all such times acting within the scope and course of their agency and employment; and/or their actions were expressly authorized by Defendants; and/or their actions were ratified by Defendants, thus making Defendants liable.

120.    Plaintiff is entitled to recover reasonable attorneys' fees and costs from Defendants, as provided in § 213.111.2, RSMo.

WHEREFORE, Plaintiff T.F., prays that this Court will, after trial by jury, enter judgment against Defendant and in her favor on Count II of this Petition and for a finding that she has been subjected to unlawful discrimination prohibited by §213.010, *et seq.*; award Plaintiff actual, compensatory, and/or punitive damages in such an amount in excess of $25,000.00 as is deemed fair and reasonable; prejudgment interest, as allowed by law; for reasonable attorneys' fees, costs and expenses of litigation; for injunctive relief or other appropriate equitable relief; and for such other relief as this Court deems just, proper and justice requires.

### COUNT III – UNLAWFUL RETALIATION
### IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT
(Against Defendants Manna and BB, collectively "Defendants" in Count III)

121.    Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Petition.

122.    Defendants have engaged in unlawful discriminatory practices prohibited under the MHRA.

123.    Plaintiff is a "person" as defined under the MHRA.

124.    As contained in this Petition, Plaintiff engaged in protected activities, including, but not limited to:

      a.   Making multiple complaints of discrimination and harassment; and

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

      b.  Objecting to discrimination and harassment in the workplace.

125.    As a result of engaging in said protected activities, Defendant retaliated against Plaintiff. Examples of retaliation include, but are not necessarily limited to, the following:

a.  Defendants' employees ignored Plaintiff's complaints;

b.  Defendants failed to properly investigate Plaintiff's complaints of discrimination/harassment;

c.  Defendants failed to make credibility determinations on Plaintiff's complaints of discrimination/harassment;

d.  Defendants failed to make proper findings in response to Plaintiff's complaints of discrimination;

e.  Defendants failed to take appropriate corrective action in response to Plaintiff's complaints of discrimination/harassment;

f.  Defendants failed to maintain previous corrective action that shielded Plaintiff from previous discrimination/harassment, including but not limited to assigning Plaintiff job duties and work locations that prevented Plaintiff's interactions with employees who harassed Plaintiff;

g.  Defendants allowed Plaintiff to be subjected to continued and ongoing discrimination/harassment, despite Defendants' promises that Plaintiff would not be subjected to the same;

h.  Defendants ostracized and ignored Plaintiff after she complained of discrimination/harassment;

i.  Defendants constructively discharged Plaintiff.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

126.    Defendants constructively discharged Plaintiff by virtue of the foregoing acts of retaliation, and by failing and refusing to provide Plaintiff with a workplace that was free of unlawful discrimination, harassment, and retaliation.

127.    Plaintiff has suffered adverse actions, as alleged in this Petition, including, but not limited to, termination of her employment.

128.    The retaliatory treatment of Plaintiff by Defendants did not occur until after Plaintiff complained to Defendants about sex discrimination and harassment she was being subjected to by Defendants.

129.    As a direct and proximate result of the foregoing, Plaintiff suffered retaliation by Defendants for having engaged in protected activities, in violation of § 213.070(2), RSMo.

130.    Defendants unlawfully retaliated against Plaintiff, such that when Defendants made the employment decisions complained of above, Plaintiff's exercise of legally protected activities was at least a motivating factor in Defendants' decisions.

131.    Defendants' actions and omissions, as aforesaid, constitute unlawful retaliation in violation of the MHRA.

132.    Defendants' management knew or should have known of prohibitions against retaliation, and they did nothing to address the retaliation directed towards Plaintiff and failed to implement effective and appropriate procedures to stop the retaliation of Plaintiff.

133.    As a direct result of Defendants' unlawful discriminatory practices, actions and failures to act as described herein, Plaintiff has sustained and continues to sustain damages, including but not limited to compensatory damages, back pay, front pay, lost benefits, and damages for emotional distress, suffering, humiliation, fear, dread, embarrassment, diminished employment status, and deprivation of his civil rights.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

134.    In addition, Plaintiff has incurred and will continue to incur attorneys' fees, costs, and expenses of suit.

135.    Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of Plaintiff, thereby entitling her to an award of punitive damages in an amount that will punish Defendants and deter Defendants and others from like conduct.

136.    The agents, servants, and employees of Defendants identified above, were at all such times acting within the scope and course of their agency and employment; and/or their actions were expressly authorized by Defendants; and/or their actions were ratified by Defendants, thus making Defendants liable.

WHEREFORE, Plaintiff T.F., prays that this Court will, after trial by jury, enter judgment against Defendants and in her favor on Count III of this Petition and for a finding that she has been subjected to unlawful discriminatory practices prohibited by §213.010, *et seq.*; award Plaintiff actual, compensatory, and/or punitive damages in such an amount in excess of $25,000.00 as is deemed fair and reasonable; prejudgment interest, as allowed by law; for reasonable attorneys' fees, costs, and expenses of litigation; for injunctive relief or other appropriate equitable relief; and for such other relief as this Court deems just, proper and justice requires.

## COUNT IV - BATTERY
### (against Defendant Leon Durham)

137.    Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

138.    Defendant Durham knew that Plaintiff was only seventeen years old.

139.    Defendant Durham intended to touch Plaintiff when he rubbed her shoulders.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

140.    Defendant Durham intended to touch Plaintiff on at least two (2) occasions in February 2019, when he placed his hand on her lower back and waist, moving downward toward her buttock.

141.    Defendant Durham intended to touch Plaintiff on at least three (3) occasions in March 2019, when he placed his hands on her waist, even after Plaintiff told him "No."

142.    Defendant Durham intended to touch Plaintiff on multiple occasions in April 2019, when he grabbed her buttock, even after Plaintiff told him "Stop!"

143.    Defendant Durham intended to touch Plaintiff in May 2019, when he raised her shirt and snapped her underwear.

144.    Defendant Durham intended to touch Plaintiff in June 2019, when he grabbed and yanked her ponytail.

145.    Defendant Durham intended to touch Plaintiff in June 2019, when he grabbed her hand and forced it onto his genitals.

146.    Defendant Durham intended to touch Plaintiff in June 2019, when he attempted to unzip her pants, and touched he vaginal areas through the outside of her pants, even though Plaintiff yelled "Stop touching me!"

147.    Defendant Durham intended to touch Plaintiff one weekend morning in June 2019, when he grabbed her buttock while asking her obscene questions about her boyfriend.

148.    Defendant Durham intended to touch Plaintiff in August 2019, when he when he open-handed spanked her buttock, causing her pain.

149.     Defendant Durham intended to touch Plaintiff  on or about October2,  2019, when he rubbed his genitals against her lower back.

150.    Defendant Durham's touching of Plaintiff was offensive.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

151.     Plaintiff did not want or consent to the touching described above and found it harmful and offensive.

152.     No privilege, excuse, or justification existed for Durham's unwanted harmful or offensive touching of Plaintiff.

153.     As a direct and proximate result of Defendant Durham's actions, Plaintiff has suffered damages, including, but not limited to lost income, future wages and has suffered emotional distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damages and detriment.

154.     Defendant's actions were outrageous because of Defendant's evil motive or reckless disregard as to the rights of Plaintiff.

155.     The outrageous nature of Defendant Durham's conduct is amplified by his knowledge that Plaintiff was only seventeen years old.

156.     Plaintiff is entitled to an award of punitive damages in an amount that will punish Defendant Durham and will deter Defendant Durham and others from like conduct.

WHEREFORE, Plaintiff T.F. respectfully requests that this Court will, after trial by jury, enter judgment against Defendant Durham and in her favor on Count IV of this Petition, and award Plaintiff compensatory and/or punitive damages in such an amount in excess of $25,000.00 as is deemed fair and reasonable; prejudgment interest, as allowed by law; for costs and expenses of litigation; and for such other relief as this Court deems just, proper and justice requires.

## COUNT V – NEGLIGENT HIRING
(Against Defendants BB and Manna, collectively "Defendants" in Count V)

157.     Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

158.     Defendants BB and Manna owed Plaintiff a duty of reasonable care in the hiring, of its managers to use reasonable care to protect employees against unreasonable risks of harm.

159.     On or before February 1, 2019, Defendants breached that duty in one or more of the following respects:

a.   Defendants failed to conduct an adequate background check of Durham;

b.   Failed to deny Durham the authority to work as a manager or supervisor of minors;

c.   Permitted Durham to pose a danger and threat to Defendants' employees, including Plaintiff, and the general public;

d.   Failed to conduct a MSHP, FBI background checks;

e.   Failed to conduct an in-person interview of Durham to determine his fitness to engage with vulnerable minors, such as Plaintiff;

f.   Failed to require applicant to attend training classes to prevent battery and unwanted and unwelcome touching of another person.

g.   Defendant BB and Manna  knew or should have known of Durham's dangerous proclivities and prior convictions for felony sex crimes.

160.   Defendants hired Durham on or about October 10, 2016.

161.   Durham acted in accordance with such dangerous proclivities when he made unwanted sexual contact with Plaintiff and asked her vulgar and offensive questions.

162.   Durham's unwanted sexual contact and vulgar and offensive questions caused injury to Plaintiff.

163.   Defendants' negligent hiring of Durham is the proximate cause of Plaintiff's injuries.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

WHEREFORE, Plaintiff T.F. respectfully requests that this Court will, after trial by jury, enter judgment against Defendants BB and Manna and in her favor on Count V of this Petition, and award Plaintiff compensatory and/or punitive damages in such an amount in excess of $25,000.00 as is deemed fair and reasonable; prejudgment interest, as allowed by law; for costs and expenses of litigation; and for such other relief as this Court deems just, proper and justice requires.

### COUNT VI – NEGLIGENT SUPERVISION
(Against Defendants BB and Manna , collectively "Defendants" in Count IV)

164.     Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

165.     As employers, Defendants had a duty to exercise reasonable care to control Durham's actions to prevent him from harming others.

166.     Defendants knew or should have known of Durham's dangerous proclivities and prior arrests and convictions for felony sex crimes.

167.     Defendants put Plaintiff into contact with Durham, and consequently had a duty to guard her from Durham's intentional conduct.

168.     Defendants knew or should have known as early as August 2019 that Durham was accused of sexually harassing Plaintiff.

169.     Defendants knew or should have known that other young females, including non-employees, had complained about Durham's unwanted advances, and touching.

170.     Defendants failed to use reasonable care to control Durham's harmful conduct toward Plaintiff.

171.     On October 2, 2019 Durham snuck up behind Plaintiff and rubbed his genitals along her lower back while she was in the office.  Plaintiff had to push Durham's body off her.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

172.    Durham's criminal history of sexual abuse and contemporary complaints of sexual harassment demonstrated a propensity for sexual misconduct.

173.    Defendants knew or should have known that Durham was peculiarly likely to commit sexual harassment and/or battery.

174.    Defendants permitted Durham to continue to supervise Plaintiff after it had notice of Durham's peculiar likelihood to commit sexual harassment, affording him the opportunity and/or temptation to sexually harass and/or batter Plaintiff.

175.    It was reasonably foreseeable to Defendants that Durham would harm Plaintiff.

176.    The gravity of the harm done to Plaintiff is severe.

177.    Defendants negligence in failure to control Durham's actions is the proximate cause of Plaintiff's emotional distress.

WHEREFORE, Plaintiff T.F. respectfully requests that this Court will, after trial by jury, enter judgment against Defendants BB and Manna and in her favor on Count VI of this Petition, and award Plaintiff compensatory and/or punitive damages in such an amount in excess of $25,000.00 as is deemed fair and reasonable; prejudgment interest, as allowed by law; for costs and expenses of litigation; and for such other relief as this Court deems just, proper and justice requires.

## COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(against all Defendants)

178.    Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

179.    Defendants had a duty to use reasonable care to protect Plaintiff from injury.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

180.    Defendants should have realized that the discriminatory, retaliatory, hostile, and battering conduct Plaintiff was subjected to in her employment created an unreasonable risk of distress to Plaintiff.

181.    Defendants had a duty to act with reasonable care to prevent Defendant Durham from touching Plaintiff in a manner that was offensive or harmful to Plaintiff.

182.    Defendants failed to use reasonable care to protect Plaintiff from injury.

183.    Defendants breached their duty of care to Plaintiff by condoning, ratifying, and permitting Defendant Durham's physical touching of Plaintiff in a manner that was offensive or harmful to Plaintiff.

184.    Plaintiff has suffered injury, including but not limited to fear, embarrassment, humiliation, and emotional distress.

185.    As a direct and proximate result of Defendants' conduct, Plaintiff was injured.

186.    Defendants should have realized their conduct involved an unreasonable risk of causing emotional distress to Plaintiff.

187.    Plaintiff's injury and emotional distress is medically diagnosable and of sufficient severity to be medically significant.

WHEREFORE, Plaintiff T.F. respectfully requests that this Court will, after trial by jury, enter judgment against Defendants BB and Manna and in her favor on Count VI of this Petition, and award Plaintiff compensatory and/or punitive damages in such an amount in excess of $25,000.00 as is deemed fair and reasonable; prejudgment interest, as allowed by law; for costs and expenses of litigation; and for such other relief as this Court deems just, proper and justice requires.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury, in the Circuit Court of St. Louis County, Missouri, on all issues in this case which are so triable.

Respectfully submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606MO
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:     (314) 932-7671
Facsimile:     (314) 932-7672
Email:    cyrus@dashtaki.com

*Attorney for Plaintiff*

20SL-CC04769

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM



**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
**COMMISSION ON HUMAN RIGHTS**
**CHARGE OF DISCRIMINATION** AMENDED

Enter Charge Number
☒ FEPA  E-11/19--51603
☒ EEOC  28B-2020-00156C

*This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.*

| Missouri Commission on Human Rights and EEOC | | |
| --- | --- | --- |
| Name (Indicate Mr., Ms., or Mrs.)<br>T███ F███ | Date of Birth<br>05/04/2002 | Home Telephone No. (Include Area Code) |
| Street Address | City, State and Zip Code | County |

**Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship, Committee, State or Local Government Agency who discriminated against me** *(if more than one list below).*

| Name<br>BB St. Louis, LLC d/b/a Wendy's | No. of Employees/Members<br>100+ | Telephone No. (Include Area Code) |
| --- | --- | --- |
| Street Address<br>120 S. Central Avenue - Registered Agent | City, State and Zip Code<br>Clayton, MO 63105 | |
| Name | No. of Employees/Members | Telephone No. (Include Area Code) |
| Street Address | City, State and Zip Code | |

Cause of Discrimination based on *(Check appropriate box(es))*

☐ Race  ☐ Color  ☒ Sex
☐ National Origin  ☐ Religion  ☐ Age
☐ Disability  ☒ Retaliation  ☐ Other *(Specify)*

Date Discrimination took Place *(Month, Day, Year)*
February 1, 2019-May 1, 2020
☒ Continuing Action

The Particulars Are *(If additional space is needed, attach extra sheet(s)):*

See Attached Narrative.

PLAINTIFF'S EXHIBIT

A

Filed
JUN 02 2020
MCHR - JC

SANDRA SINTAKAS
Notary Public
Commission
# 19009350
St. Louis
County
Notary Seal
STATE OF MISSOURI
My Commission Expires 03-03-2023

☒ I want this charge filed with both the EEOC and the Missouri Commission on Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *(When necessary to meet State and Local Requirements)*
*Sandra Sintakas*
I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

x███████  06/01/2020
Charging Party *(Signature)*  Date

x██████████
Signature of Complainant

Subscribed and sworn to before me this date *(Day, month and Year)*
1st June 2020

My commission expires 3-3-2023

MCHR-27 (4-99) AI

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

My name is T███████F█████ I am an 18-year-old female. I have been employed by BB St. Louis, LLC, d/b/a Wendy's ("Wendy's") since May 2018. I worked as a crew member earning $10/hour. I worked at the Page store located at 10710 Page Avenue in St. Louis, MO 63132 from approximately May to September 2018.

I first met Leon in August 2018, where he was a supervisor at the Page store. In September 2018, I stopped working at the Page location due to my high school schedule. On or about December 23, 2018 Leon hired me to work at the Missouri Bottom Road store located 13945 Missouri Bottom Road, Bridgeton, MO 63044. On or about December 31, 2018 I began working at the Missouri Bottom Road store. I enjoyed working at the Missouri Bottom Road location as it accommodated my high school schedule.

Shortly after I started to work at the Missouri Bottom Road location, on more than one occasion, as I would walk passed Leon's office, I noticed his hand wrapped around ███, a female co-worker's waist. She was 17-years-old. When I walked past the office, Leon would quickly move his hand away from ███'s waist when he saw me walking near his office door.

In February 2019, on at least two occasions, as I was counting my drawer in the office, Leon placed his hand around my lower back and waist moving downward toward my buttocks. This made me feel uncomfortable and was alarming, as I had seen him do this to other female employees. This was an unwanted touching. I counted my drawer as quickly as possible and immediately left his office.

During the month of March 2019, Leon asked me to come into the office where he persistently asked me to give him a hug as he placed his hand on my waist. I said no three separate times. Leon made light of the scenario and tried to play it off as a joke. On more than one occasion, Leon had taken it upon himself to rub my shoulders which made me feel very upset, tense and vulnerable. This was an unwanted touching.

In April 2019 Leon continued to put his hands on me, this occurred on a weekly basis. Leon grabbed my buttocks while I was in the office. I told him to stop. Leon replied that he didn't have to. This occurred often and I physically had to remove his hands off me each time. I became scared and did not know who to tell and how to handle the situation. I hadn't received any training on sexual harassment from the company and feared that I would lose my job if I told anyone what had occurred. Soon after, Leon a/k/a "Mr. Boogie" sent me invitation requests on Instagram and Snapchat. I did not accept his requests.

In May 2019 while I was working near the grill, Leon raised up my shirt, laughed, snapped my underwear and said out loud "your panties are dirty." I quickly turned around and asked him why he touched me and told him to stop. Leon just kept walking to the office.

In June 2019 things became aggressively worse. On one occasion, Leon grabbed me by the ponytail. As I tried to pull away, he yanked very hard while stating, "I can't touch you? Yes, I can. Girls too can touch you." When he finally released me, I went out the back door feeling utterly embarrassed and humiliated. Leon also forced my hand onto his genitalia making obscene motions. I tried to pull away, but Leon maintained a tight grip on my wrist. When he finally

1

Filed
JUN 0 2 2020
MCHR - JC

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

decided to release my wrist, I went out the front door disgusted, afraid and mortified. Leon
followed me outside, acting as if nothing had happened. I spent the remainder of my shift
completely withdrawn from my coworkers, barely speaking to anyone. The unwelcome behavior
continued and became very unpleasant and intolerable.

On another occasion in June 2019 the office while I was counting down my drawer, Leon tried to
unzip my pants and touched my vaginal area through the outside of my pants. I was scared. I
yelled, "Stop touching me!" and walked out of the office.

One weekend morning in June 2019, as I was clocking in Leon asked me why I had a book bag
and if I was coming from my boyfriend's house. Leon repeatedly asked me if my boyfriend and I
have sex and inquired about sexual positions and oral sex. He stated to me, "Do you be sucking
his dick?" He continued with these embarrassing interrogations. Leon laughed and stated, "I got
different hoes." Leon then grabbed my butt and asked, "Do you like it when I do that?" I replied,
"No." Leon then said he wouldn't touch me anymore and I walked out. I tried to avoid being
alone with Leon because he was creepy and made me uncomfortable to be around because he
would always try to touch me.

Unfortunately, Leon's promise to not touch me did not last. In August 2019 while I was in the
break room Leon open-handed spanked my butt. It hurt and stung because he smacked me hard. I
asked Leon, "Why did you do that?" He laughed and walked away.

On or about August 24, 2019 my Mom left a voicemail with Jim Robinson, Director of
Operations for BB St. Louis, LLC. Then on August 25, 2019 my Mom sent a text message to Jim
informing him of inappropriate behavior with one of the managers with her daughter. Jim called
my Mom back. My Mom informed Jim that Leon had spanked me and touched my underwear
and was talking about sex in the workplace with a 17-year-old high school student. Jim told my
Mom that Stephanie Thomas, the district manager was on a weekend camping trip and would be
in touch as soon as possible. My Mom spoke with Stephanie on or about August 27, 2019.
Stephanie knew what my complaint was and told my Mom that she would investigate the
allegations and that my identity would remain anonymous. When I returned to work, Leon would
not speak to me. He ignored and ostracized me. I felt extremely uncomfortable while at work and
betrayed by Wendy's management after complaining about sexual harassment. On or about
September 11, 2019 my Mom reached out to Jim again to follow up on the investigation and
what was going to be done about the unwanted touching and inappropriate sex talk in the
workplace. On one of my shifts, Stephanie pulled me aside and said, "We sat down and talked to
Leon so he should behave and keep his hands to himself."

On or about October 2, 2019, Leon came from behind me and rubbed his genitals along my
lower back while I was in the office. I pushed him away and walked out. A few days later Leon
was transferred to another store after someone complained about sexual harassment and the
Bridgeton Police Department were called.

I have suffered great emotional distress due to their unfair treatment, harassment, and hostile
work environment I experience based on my sex/gender at my job. Male employees were not
treated in this way or subjected to unwanted touching. My work was always efficient and

Filed

JUN 02 2020

MCHR - JC

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

performed with a high level of professionalism. The mistreatment based on my sex/gender I received took a big toll on me. During the time I was given no choice but to work with Leon after reporting the harassment, I was in constant distress. I always had to watch my back, as I was not sure what Leon might do to me. I felt embarrassed, irritable, and I withdrew emotionally from my family, friends and coworkers. To this day I still dislike being alone with men.

One of my biggest fears was everyone at the job knowing that I was the one who told and being harassed about it. I started having anxiety at work because several people said Leon had been back in the store and his step-daughter was hired as an employee. This made me very uncomfortable and the thought of seeing Leon made me very stressed. I was fatigued and even had nightmares about seeing Leon again at the store. I noticed co-workers laughing and staring at me and their conversations with me were very short. I was not kept in the loop. Almost like there was a big joke and that I was the joke. Leon's step-daughter's friend, Sharonda White, and I used to be friends until Leon's step-daughter started working at the store. Then Sharonda stopped speaking to me. My coworkers talked about Leon's similar behavior towards other women like it was a joke. Management knew about these conversations and did nothing about them. Stephanie Thomas, the district manager, ignored me after I reported Leon's behavior. She would come into the store and say hello to everyone but me. She wouldn't even talk to me. It's like they wanted me to quit. It made me miserable and affected my work. I thought I had no choice but to quit. I was constructively discharged on May 1, 2020.

The mistreatment and discriminatory actions based on my gender with respect to my terms, conditions, or privileges of employment has caused me to suffer and continue to suffer substantial losses in earnings, job experience, benefits, and other employee benefits that I would have received absent their discrimination and harassment. To date, I have suffered damages, and continue to suffer damages including pain and suffering, emotional distress, embarrassment, humiliation and the deprivation of my civil rights.

As a remedy, I am seeking an end to the discrimination, harassment, and hostile work environment, that BB St. Louis, LLC d/b/a Wendy's cease and desist such unlawful and discriminatory and harassing acts, that steps are taken to protect me and other employees similarly situated from the type of conduct described above, and from all other forms of discrimination, harassment and retaliation in the future, compensation for lost wages, compensation for my pain, suffering, humiliation, embarrassment and anything else the Commission deems just and proper.

Filed

JUN 02 2020

MCHR-JC

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

**20SL-CC04769**



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANNA S. HUI | MARTHA STAGGS | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIRPERSON | EXECUTIVE DIRECTOR |



*Via Complainant Attorney Email*

## NOTICE OF RIGHT TO SUE

RE:     T███████ F█████ vs. BB ST. LOUIS, LLC D/B/A WENDY'S
E-11/19-51603  28E-2020-00156C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

*Alisa Warren signature*

Alisa Warren, Ph.D.                    August 7, 2020
Executive Director                     Date

C:     additional contacts listed on next page

☒          ☐          ☐          ☐          ☐

> **PLAINTIFF'S EXHIBIT**
> **B**

| 3315 W. TRUMAN BLVD. | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1300 | 1410 GENESSEE, SUITE 260 | 106 ARTHUR STREET |
|---|---|---|---|---|
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | OZARK, MO 65721-1300 | KANSAS CITY, MO 64102 | SUITE D |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | | FAX: 816-889-3582 | SIKESTON, MO 63801-5454 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | | FAX: 573-472-5321 |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:     1-800-735-2966 (TDD)     Relay Missouri: 711
www.labor.mo.gov/mohumanrights     E-Mail: mchr@labor.mo.gov

RE:   Tasheena Foster vs. BB ST. LOUIS, LLC D/B/A WENDY'S
E-11/19-51603  28E-2020-00156C

BB ST. LOUIS, LLC D/B/A WENDY'S
Registered Agent
120 S. Central Avenue
Clayton, MO 63105

Mary Lazzaroni, VP People & Development
BB ST. LOUIS
120 S. Central Avenue
Clayton, MO 63105
*Via Email*

Cyrus Dashtaki
ATTORNEY AT LAW
5205 Hampton Avenue
Saint Louis, MO 63109
*Via Email*

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

**20SL-CC04769**

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| T.F., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| BB ST. LOUIS, LLC, d/b/a WENDY'S, et al. | ) | Division: |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO USE PSEUDONYM

COMES NOW Plaintiff, T.F. ("Plaintiff"), by and through counsel, and hereby moves for an Order allowing her to litigate this matter using a pseudonym (i.e., her initials) in the above-captioned matter, and presents the following in support of her motion.

1.     Rule 55.02 provides that "[i]n the petition, the title of the civil action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties." Mo. Sup. Ct. R. 55.02.

2.     Although Missouri courts have not identified a standard to be used in determining whether to grant a motion to use pseudonym, courts have permitted parties to use a pseudonym or initials instead of their full names. Usually, "such initial styling is reserved for cases involving juveniles or where a party has been criminally victimized, usually sexually, and is involved in litigation because of that victimization." *Huska v. Huska*, 721 S.W.2d 120, 121 n.1 (Mo. Ct. App. 1986). In such cases, courts have even used initials *sua sponte. See, e.g., In Interest of K.R.*, 957 S.W.2d 519, 520 (Mo. Ct. App. 1997) (unpub. Mem.) (where the court, on its own motion, used initials in an appeal from the judgment terminating father's parental rights to with respect to child); *A.R.H. v. W.H.S.*, 876 S.W.2d 687, 688 n.1 (Mo. Ct. App. 1994) (using the parties' initials *sua*

1

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

*sponte* to avoid unnecessary embarrassment in a case of negligent supervision against plaintiff's grandmother that resulted in plaintiff being sexually molested by Grandmother's husband).

3.      Upon a party's motion, courts have allowed parties to proceed under initials or pseudonyms, in other contexts in civil cases. *See, e.g.*, *T.L.D. v. Dir. of Revenue*, 879 S.W.2d 636, 637 (Mo. Ct. App. 1994) (permitting plaintiff to proceed under initials when seeking expungement of either his driving while intoxicating or blood alcohol concentration convictions); *F.W.H. v. R.J.H.,* 666 S.W.2d 910 (Mo. Ct. App. 1984) (sustaining a motion to utilize initials filed by a wife in an appeal from a decree of dissolution of marriage); *Doe v. TCI Cablevision*, 110 S.W.3d 363 (Mo. 2003) (plaintiff who was a former professional hockey player proceeding under a pseudonym in an action for misappropriation of his name).

4.      In this case, the Petition sets forth information and allegations of a highly sensitive nature concerning T.F. and the harassment and sexual assaults she suffered as a minor. Pleadings and information to be contained in the above-captioned case file may similarly include confidential information and/or information of a sensitive nature pertaining to Plaintiff and her allegations, such that the anonymity of the Plaintiff is appropriate to protect her identity in light of such allegations.

5.      Plaintiff's identity is known to Defendants, and her anonymity in the pleadings should not prejudice Defendants in any way.

6.      Plaintiff is willing to disclose her identity to the Court subject to appropriate protective orders and/or as the Court may otherwise direct.

WHEREFORE, in light of the above and foregoing, Plaintiff respectfully requests that the Court enter an Order allowing her to proceed under her initials, instead of her full name, in the above-captioned matter, and for such other relief as this Court deems just and proper.

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

Respectfully submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:    (314) 932-7671
Facsimile:    (314) 932-7672
Email:  cyrus@dashtaki.com

*Attorneys for Plaintiff T.F.*

## CERTIFICATE OF SERVICE

The undersigned hereby states that on this 27th day of August 2020, a true and correct copy of the foregoing was filed electronically with Court's filing system, and was served upon all counsel of record.

/s/ Cyrus Dashtaki

**20SL-CC04769**

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

⌐                                                ¬

For File Stamp Only

_T.F._____
Plaintiff/Petitioner

_August 27, 2020_____
Date

_____
Case Number

vs.

_____
Division

_BB St. Louis, LLC, et al._____
Defendant/Respondent

L                                                ⌡

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _Plaintiff_____, pursuant
　　　　　　　　　　　　　　Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

_Mark Rodebaugh, Patriot Investigative Services, LLC, 5014 Alexander Street, St. Louis, MO 63116 (314) 330-7809_
Name of Process Server　　　　　　　　Address　　　　　　　　　　　　　Telephone

_____
Name of Process Server　　　　　　　　Address or in the Alternative　　　　Telephone

_____
Name of Process Server　　　　　　　　Address or in the Alternative　　　　Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:

_Leon Demetrius Durham_____          _____
Name                                            Name

_8668 Brittany Town Place_____          _____
Address                                         Address

_Hazelwood, MO 63042_____          _____
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

_____                _____
Name                                            Name

_____                _____
Address                                         Address

_____                _____
City/State/Zip                                  City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

_/s/ Cyrus Dashtaki_____
Signature of Attorney/Plaintiff/Petitioner

_57606_____
Bar No.

By _____          _5201 Hampton Avenue, St. Louis, MO 63109_
　　Deputy Clerk                                Address

_____                _(314) 932-7671_____(314) 932-7672___
Date                                            Phone No.　　　　　　　　　　　　Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

**20SL-CC04769**

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

_T.F._
Plaintiff/Petitioner

_August 27, 2020_
Date

vs.

_____
Case Number

_BB St. Louis, LLC, et al._
Defendant/Respondent

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _Plaintiff_____, pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
_Mark Rodebaugh, Patriot Investigative Services, LLC, 5014 Alexander Street, St. Louis, MO 63116 (314) 330-7809_
Name of Process Server                          Address                                    Telephone

_____
Name of Process Server                          Address or in the Alternative                Telephone

_____
Name of Process Server                          Address or in the Alternative                Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:

_Leon Demetrius Durham_____            _____
Name                                            Name

_8668 Brittany Town Place_____        _____
Address                                         Address

_Hazelwood, MO 63042_____          _____
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

_____               _____
Name                                            Name

_____               _____
Address                                         Address

_____               _____
City/State/Zip                                  City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk                _/s/ Cyrus Dashtaki_____
                                                Signature of Attorney/Plaintiff/Petitioner

By _/s/Lakrisha Gardner_____          _57606_____
Deputy Clerk                                    Bar No.

_____               _5201 Hampton Avenue, St. Louis, MO 63109_
                                                Address

_____9-21-20_____                   _(314) 932-7671_____(314) 932-7672____
Date                                            Phone No.                          Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

**20SL-CC04769**

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| T.F., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| BB ST. LOUIS, LLC, d/b/a WENDY'S, et al. | ) | Division: |
| | ) | |
| Defendants. | ) | |

**REQUEST FOR SUMMONS PURSUANT TO
RULE 54.16 ACKNOWLEDGEMENT OF SERVICE BY MAIL**

COMES NOW Plaintiff, by and through undersigned counsel, hereby requests the Circuit

Court Clerk issue a summons for service by mail in accordance with Rule 54.16 of the Missouri

Rules of Civil Procedure in this cause on the below named parties:

**BB ST. LOUIS, LLC d/b/a WENDY'S
Registered Agent: CT Corporation
120 South Central Avenue
Clayton, MO 63105**

**MANNA, INC. d/b/a WENDY'S, B.F. COMPANIES, BRIDGEMAN FOODS
Registered Agent: Karen M. Campbell
3309 Collins Lane
Louisville, KY 40245**

**Appointed as requested:
Joan M. Gilmer, Circuit Clerk**


**By: _____      Date: _____**

Electronically Filed - St Louis County - August 27, 2020 - 04:45 PM

Respectfully Submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:  (314) 932-7671
Facsimile:  (314) 932-7672
Email:  cyrus@dashtaki.com

*Attorneys for Plaintiff*

**20SL-CC04769**

Electronically Filed - St Louis County - September 18, 2020 - 08:57 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| T.F., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| BB ST. LOUIS, LLC, d/b/a WENDY'S, et al. | ) | Division: |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO USE PSEUDONYM

COMES NOW Plaintiff, T.F. ("Plaintiff"), by and through counsel, and hereby moves for an Order allowing her to litigate this matter using a pseudonym (i.e., her initials) in the above-captioned matter, and presents the following in support of her motion.

1.      Rule 55.02 provides that "[i]n the petition, the title of the civil action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties." Mo. Sup. Ct. R. 55.02.

2.      Although Missouri courts have not identified a standard to be used in determining whether to grant a motion to use pseudonym, courts have permitted parties to use a pseudonym or initials instead of their full names. Usually, "such initial styling is reserved for cases involving juveniles or where a party has been criminally victimized, usually sexually, and is involved in litigation because of that victimization." *Huska v. Huska*, 721 S.W.2d 120, 121 n.1 (Mo. Ct. App. 1986). In such cases, courts have even used initials *sua sponte. See, e.g., In Interest of K.R.*, 957 S.W.2d 519, 520 (Mo. Ct. App. 1997) (unpub. Mem.) (where the court, on its own motion, used initials in an appeal from the judgment terminating father's parental rights to with respect to child); *A.R.H. v. W.H.S.*, 876 S.W.2d 687, 688 n.1 (Mo. Ct. App. 1994) (using the parties' initials *sua*

Electronically Filed - St Louis County - September 18, 2020 - 08:57 AM

*sponte* to avoid unnecessary embarrassment in a case of negligent supervision against plaintiff's grandmother that resulted in plaintiff being sexually molested by Grandmother's husband).

3.      Upon a party's motion, courts have allowed parties to proceed under initials or pseudonyms, in other contexts in civil cases. *See, e.g.*, *T.L.D. v. Dir. of Revenue*, 879 S.W.2d 636, 637 (Mo. Ct. App. 1994) (permitting plaintiff to proceed under initials when seeking expungement of either his driving while intoxicating or blood alcohol concentration convictions); *F.W.H. v. R.J.H.,* 666 S.W.2d 910 (Mo. Ct. App. 1984) (sustaining a motion to utilize initials filed by a wife in an appeal from a decree of dissolution of marriage); *Doe v. TCI Cablevision*, 110 S.W.3d 363 (Mo. 2003) (plaintiff who was a former professional hockey player proceeding under a pseudonym in an action for misappropriation of his name).

4.      In this case, the Petition sets forth information and allegations of a highly sensitive nature concerning T.F. and the harassment and sexual assaults she suffered as a minor. Pleadings and information to be contained in the above-captioned case file may similarly include confidential information and/or information of a sensitive nature pertaining to Plaintiff and her allegations, such that the anonymity of the Plaintiff is appropriate to protect her identity in light of such allegations.

5.      Plaintiff's identity is known to Defendants, and her anonymity in the pleadings should not prejudice Defendants in any way.

6.      Plaintiff is willing to disclose her identity to the Court subject to appropriate protective orders and/or as the Court may otherwise direct.

WHEREFORE, in light of the above and foregoing, Plaintiff respectfully requests that the Court enter an Order allowing her to proceed under her initials, instead of her full name, in the above-captioned matter, and for such other relief as this Court deems just and proper.

Electronically Filed - St Louis County - September 18, 2020 - 08:57 AM

Respectfully submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:      (314) 932-7671
Facsimile:      (314) 932-7672
Email:  cyrus@dashtaki.com

*Attorneys for Plaintiff T.F.*

**SO ORDERED:**

*Michael D. Burton*
Judge                          Division 16
August 28, 2020

**CERTIFICATE OF SERVICE**

The undersigned hereby states that on this 27th day of August 2020, a true and correct copy of the foregoing was filed electronically with Court's filing system, and was served upon all counsel of record.

/s/ Cyrus Dashtaki



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number:  20SL-CC04769 |
| Plaintiff/Petitioner:<br>T. F.<br><div style="text-align:right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>CYRUS C DASHTAKI<br>5205 HAMPTON AVENUE<br>SAINT LOUIS, MO  63109 |
| Defendant/Respondent:<br> BB ST. LOUIS, LLC<br>DBA:   WENDY'S | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to: LEON DEMETRIUS DURHAM**
**Alias:**

**8668 BRITTANY TOWN PLACE**
**HAZELWOOD, MO  63042**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>21-SEP-2020</u>                                    _____
**Date**                                                                        **Clerk**

**Further Information:**
**LG**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                                      Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*              Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                                                    Date                                          Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - September 21, 2020 - 12:33 PM

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

⌐                                  ¬

For File Stamp Only

T.F._____          September 21, 2020_____
Plaintiff(s)                                  Date

vs.                                           20SL-CC04769_____
                                              Case Number

BB St. Louis, LLC d/b/a Wendy's, et al._____   8_____       L                    ⌐
Defendant(s)                                  Division

## NOTICE AND ACKNOWLEDGEMENT FOR SERVICE BY MAIL
## (Circuit Division Cases)

To: Manna, Inc. d/b/a Wendy's, B.F. Companies, Bridgeman Foods_____

The enclosed summons and petition are served pursuant to Missouri Supreme Court Rule 54.16.

You may sign and date the acknowledgment part of this form and return one copy of the completed form to the sender within thirty days of below mailing date.

If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

If you do complete and return this form, you or the party on whose behalf you are being served must answer the petition within thirty days of the date you sign the acknowledgment below. If you fail to do so, judgment by default may be taken against you for the relief demanded in the petition.

I DECLARE, UNDER PENALTY OF PERJURY, THAT THIS NOTICE WAS MAILED ON

_____.

_____
Signature

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND PETITION

I declare, under penalty of filing a false affidavit, that I received a copy of the Summons and of the Petition in the above captioned matter.

_____
Signature

_____
Relationship to Entity/Authority to Receive Service to Process

_____
Date Signed

CCCDT191  Rev. 12/01

Electronically Filed - St Louis County - September 21, 2020 - 12:33 PM

**In the**

# CIRCUIT COURT

**Of St. Louis County, Missouri**

For File Stamp Only

T.F. _____     September 21, 2020 _____
Plaintiff(s)                                                      Date

vs.                                                    20SL-CC04769 _____
                                                              Case Number

BB St. Louis, LLC d/b/a Wendy's, et al. _____     8 _____
Defendant(s)                                                  Division

## NOTICE AND ACKNOWLEDGEMENT FOR SERVICE BY MAIL
## (Circuit Division Cases)

To:  BB St. Louis, LLC d/b/a Wendy's _____

The enclosed summons and petition are served pursuant to Missouri Supreme Court Rule 54.16.

You may sign and date the acknowledgment part of this form and return one copy of the completed form to the sender within thirty days of below mailing date.

If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity.  If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

If you do complete and return this form, you or the party on whose behalf you are being served must answer the petition within thirty days of the date you sign the acknowledgment below.  If you fail to do so, judgment by default may be taken against you for the relief demanded in the petition.

I DECLARE, UNDER PENALTY OF PERJURY, THAT THIS NOTICE WAS MAILED ON

_____.          _____
                                                                          Signature

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND PETITION

I declare, under penalty of filing a false affidavit, that I received a copy of the Summons and of the Petition in the above captioned matter.

_____
                              Signature

_____
        Relationship to Entity/Authority to Receive Service to Process

_____
                            Date Signed

CCCDT191  Rev.  12/01



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number:  20SL-CC04769 |
|---|---|
| Plaintiff/Petitioner:<br><br>T. F. | Plaintiff's/Petitioner's Attorney/Address:<br>CYRUS C DASHTAKI<br>5205 HAMPTON AVENUE<br>SAINT LOUIS, MO  63109 |
| vs. | |
| Defendant/Respondent:<br><br>BB ST. LOUIS, LLC<br>DBA:  WENDY'S | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons for Service by First Class Mail

The State of Missouri to:  MANNA, INC.
                               Alias:
                               DBA:  WENDY'S

**3309 COLLINS LANE**
**RA: KAREN M. CAMPBELL**
**LOUISVILLE, KY  40245**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

        **You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's'/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.**

        **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

    <u>21-SEP-2020</u>
           **Date Issued**
                                                  _Clerk_

    **Further Information:**
    **LG**

## Directions to Clerk

    The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number:  20SL-CC04769 |
|---|---|
| Plaintiff/Petitioner:<br><br>T. F.<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>CYRUS C DASHTAKI<br>5205 HAMPTON AVENUE<br>SAINT LOUIS, MO  63109 |
| Defendant/Respondent:<br><br>BB ST. LOUIS, LLC<br>DBA:  WENDY'S | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons for Service by First Class Mail

The State of Missouri to:  BB ST. LOUIS, LLC
              Alias:
              DBA:  WENDY'S

R/A: CT CORPROATION SYSTEM
120 S. CENTRAL AVENUE
CLAYTON, MO  63105



*COURT SEAL OF*

*ST. LOUIS COUNTY*

      **You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.**

      **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>21-SEP-2020</u>
    **Date Issued**
                                      Clerk

**Further Information:**
**LG**

## Directions to Clerk

    The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

Electronically Filed - St Louis County - October 01, 2020 - 02:31 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| T.F., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20SL-CC04769 |
| | ) | |
| BB ST. LOUIS, LLC, d/b/a WENDY'S, et al., | ) | Division 1 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM TO THE COURT

COMES NOW Plaintiff, by and through her undersigned counsel, and files herewith the

Return of Service upon Defendant Leon Durham was effectuated on September 30, 2020. A copy

of the affidavit confirming service is attached hereto as Exhibit A.

Respectfully Submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:  (314) 932-7671
Facsimile:  (314) 932-7672
Email:  cyrus@dashtaki.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby states that on this 1st day of October 2020, a true and correct copy
of the foregoing was filed electronically with Court's filing system and was served upon all counsel
of record.

/s/ Cyrus Dashtaki

Electronically Filed - St. Louis County - October 01, 2020 - 02:31 PM

**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number: 20SL-CC04769 | PLAINTIFF'S EXHIBIT<br>**A** |
|---|---|---|
| Plaintiff/Petitioner:<br>T. F.<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>CYRUS C DASHTAKI<br>5205 HAMPTON AVENUE<br>SAINT LOUIS, MO 63109 | |
| Defendant/Respondent:<br>BB ST. LOUIS, LLC<br>DBA: WENDY'S | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **LEON DEMETRIUS DURHAM**
Alias:

**8668 BRITTANY TOWN PLACE**
**HAZELWOOD, MO 63042**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>21-SEP-2020</u>
Date

_____
Clerk

Further Information:
LG

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

[X] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

[ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

[ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

[ ] other _____.

Served at _8668 BRITTANY Town PLACE_ (address)

in _HAZELWOOD_ (County/City of St. Louis), MO, on _9/30/2020_ (date) at _8:00 pm_ (time).

_SPS MARK RODEBAUGH #623_
Printed Name of Sheriff or Server

_SPS/ Mark Rodbay #623_
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _10/01/2020_ (date).

My commission expires: _03-03-2023_
Date

_Sandra Sintakas_
Notary Public

SANDRA SINTAKAS
Notary Public
Commission
# 19005350
St. Louis County
Notary Seal
STATE OF MISSOURI
My Commission Expires 03-03-2023

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-8769**   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Louis County - October 01, 2020 - 04:16 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

|  |  |  |
|---|---|---|
| T.F., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 20SL-CC04769 |
| BB ST. LOUIS, LLC, d/b/a WENDY'S, et al., | ) | Division 1 |
| Defendants. | ) | |

**MEMORANDUM TO THE COURT**

Comes now Plaintiff, by and through her undersigned counsel, and files herewith Notice of

Mailing upon Defendant BB St. Louis. LLC, d/b/a Wendy's registered agent, CT Corporation

System, 120 S. Central Avenue, Clayton, MO 63105, on September 24, 2020 by U.S.P.S. Certified

Mail in accordance with Rule 54.16 of the Missouri Rules of Civil Procedure. A copy of the signed

U.S.P.S. Certified Mail return receipt confirming the receipt of the same by Defendant's registered

agent is attached hereto as Exhibit A.

Respectfully Submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:  (314) 932-7671
Facsimile:  (314) 932-7672
Email:  cyrus@dashtaki.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby states that on this 1st day of October 2020, a true and correct copy of
the foregoing was filed electronically with Court's filing system and was served upon all counsel of
record.

/s/ Cyrus Dashtaki

Electronically Filed - St. Louis County - October 01, 2020 - 04:16 PM



PLAINTIFF'S
EXHIBIT

**A**

| **SENDER:** *COMPLETE THIS SECTION* | **COMPLETE THIS SECTION ON DELIVERY** |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

A. Signature
X ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

CLAYTON BRANCH
SEP 2 4 2020
ST. LOUIS, MO

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

St. Louis, LLC d/b/a Wendy's
Registered Agent: CT Corporation System
120 S. Central Avenue
Clayton, MO 63105

9590 9402 5520 9249 2410 47

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

2. Article Number (Transfer from service label)
7018 0680 0001 3915 5952

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt