IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| T.F., an Individual, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:20-cv-01526 |
| BB ST. LOUIS, LLC, d/b/a WENDY'S, a Foreign Limited Liability Corporation, et al., | ) ) ) ) |
| Defendants. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

This Court has diversity jurisdiction because Plaintiff fraudulently joined individual Defendant Leon Durham. There is no viable claim against Mr. Durham because the Missouri Human Rights Act (MHRA) is the exclusive remedy for the tort claims brought against Mr. Durham. As more fully explained below, Defendant BB St. Louis ("Defendant") properly removed this action, this Court has jurisdiction, and Plaintiff's Motion to Remand should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff T.F. filed this lawsuit in the Circuit Court of St. Louis County, Missouri on August 27, 2020 against Defendants BB ST. Louis, LLC and Manna, Inc. ("Corporate Defendants") as well as an individual, Leon Durham.

In her Petition, Plaintiff purports to bring seven (7) distinct causes of action including: 1) sexual harassment under the Missouri Human Rights Act ("MHRA") against Corporate Defendants; 2) sex discrimination under the MHRA against Corporate Defendants; 3) retaliation under the MHRA against Corporate Defendants, 4) battery against Individual Defendant Leon Durham, 5) negligent hiring against Corporate Defendants, 6) negligent supervision against

1

Corporate Defendants, and 7) Negligent Infliction of Emotional Distress against Corporate Defendants and Individual Defendant Leon Durham. Both the claims under the MRHA and the individual claims against Mr. Durham are based on the same underlying allegations that Mr. Durham sexually harassed Plaintiff at work. *See* Pl.'s Pet. ¶ 1.

It is undisputed that Defendant BB St. Louis, LLC was and continues to be a Kentucky corporation with its principal place of business in Louisville, Kentucky and Defendant Manna, Inc. is a foreign corporation with its principal place of business in Louisville, Kentucky. *See* Pl.'s Pet. ¶¶5, 9. Plaintiff alleges, on information and belief, that Mr. Durham is a resident of Missouri. *Id*. at ¶7. Defendant, however, has not been able to confirm the residence of Mr. Durham or whether Mr. Durham has been properly served in this matter.

Defendant removed this case to this Court on October 23, 2020, invoking the Court's diversity jurisdiction because Plaintiff fraudulently joined Mr. Durham. The MHRA clearly preempts the tort claims against Mr. Durham, as the MHRA is the exclusive remedy for those claims.

## ARGUMENT

**A.   Fraudulent Joinder Standard.**

A plaintiff cannot defeat diversity by fraudulently joining a non-diverse party. *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012). "The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Id.* "A party has been fraudulently joined if there is 'no reasonable basis in fact and law' for the claim brought against it." *Id.* (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). Fraudulent

joinder also exists when the law "precludes the existence of a cause of action against [the] defendant . . . ." *Id.* Here, the MHRA precludes the existence of a cause against Mr. Durham.

**B.      Mr. Durham was Fraudulently Joined Because the MHRA is the Exclusive Remedy for the Claims Against Mr. Durham.**

Under Missouri law, the MHRA "shall provide the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." Mo. Rev. Stat. 213.070.2. There is no basis for Plaintiff's tort claims against Mr. Durham because they arose while Defendant BB St. Louis employed her and they are based on the same facts that form the basis of her MHRA claims. Therefore, Mr. Durham was fraudulently joined and his citizenship should not be a basis to remand this matter.

There is significant case law to support Defendant's position that Plaintiff fraudulently joined Mr. Durham because the claims against him are preempted by the MHRA. First, in *Huskey v. Petsmart, Inc.*, No. 18-00813-CV-W-NKL, 2019 WL 122873, at *2 (W.D. Mo. Jan. 7, 2019), the Court found that in Missouri, damages arising from the employment relationship cannot be redressed except through the specified statutes. As explained in *Huskey*, the exclusive-remedy provision turns not on whether Mr. Durham was an employer, but on whether Plaintiff's alleged "injury or damages" arise from an "employment relationship." Mo. Rev. Stat. § 213.070.2.   The Court in *Hoaglin v. HyVee Inc.*, No. 6:18-03262-CV-RK, 2019 WL 1928536, at *1 (W.D. Mo. Apr. 30, 2019) used the same reasoning as *Huskey* to deny the plaintiff's motion to add tort claims because they were based on the same facts as those that formed the basis of her MHRA claims. Here, like in *Huskey* and *Hoaglin*, there can be no question that the facts underlying Plaintiff's claims under the MHRA form the same basis for her tort claims against Mr. Durham. Plaintiff alleges that Mr. Durham was the store manager and her supervisor, and all claims took place at work. *See, e.g.,* Pl.'s Pet. ¶¶7, 8, 33, 39, 40, 42, 45, 48, 49, 50. In fact, if the allegations regarding

3

Mr. Durham's actions were removed from the Petition, there would be no viable claims under the MHRA.

Plaintiff attempts to distinguish the clear holding in *Huskey* by claiming the civil conspiracy claims in *Huskey* are different from the battery and negligent infliction of emotional distress claims that she alleges. However, both of Plaintiff's alleged torts against Mr. Durham arise from the employment relationship, in that Plaintiff alleges they were perpetrated by Mr. Durham, who was the store manager and her supervisor while she was at work. Furthermore, the underlying facts to support the tort claims against Durham are the same facts underlying Plaintiff's MHRA claims. The claims related to Durham's actions form the backbone of the MHRA claims. *See, e.g.,* Pl.'s Pet. ¶¶79, 82, 87. 91, 103(g). Plaintiff admits that her lawsuit is about *employment discrimination*, and explicitly states, "[t]his lawsuit is being brought by Plaintiff T.F. ("Plaintiff") *to seek redress for unlawful employment discrimination* based on sex and retaliation and common law." Pl.'s Pet. ¶1 (emphasis added).

Second, *Winfrey v. Ford Motor Company*, 2020 WL 1558117, *2 (W.D. Mo. April 1, 2020) further supports Defendant's claims about fraudulent joinder. In *Winfrey*, the Court dismissed the plaintiff's breach of contract, negligence, and intentional or negligent infliction of emotional distress claims because they arose out of an employment relationship and from the same factual allegations underlying the plaintiff's MHRA claims. The Court found that negligent infliction of emotional distress claims arose out of an employment relationship, as they arose from the same factual allegations underlying the plaintiff's MHRA claims. Plaintiff also has a negligent infliction of emotional distress claim, which is subject to dismissal as it was in *Winfrey*. Moreover, Plaintiff's battery claim arose out of the employment relationship and from the same factual allegations underlying Plaintiff's MHRA claims, and is invalid as a matter of law.

4

Third, the holding in *State ex rel. Church & Dwight Co. v. Collins*, 543 S.W.3d 22, 28 (Mo. 2018) further bolsters Defendant's position about fraudulent joinder.  In *Church,* the Missouri Supreme Court held that the MHRA supersedes and displaces common law claims because it provides a fully comprehensive remedial scheme enveloping the remedies available for the common law claims.  *State ex rel. Church & Dwight Co. v. Collins*, 543 S.W.3d 22, 28 (Mo. 2018).[1]  Under *Church*, Plaintiff's tort claims against Mr. Durham are clearly improper because they are displaced by the MHRA.

Although the Missouri Supreme Court's ruling in *Church* was clear, Plaintiff attempts to distinguish it by arguing the specific tort claims in *Church* were different from the tort claims brought by Plaintiff.  The legal reasoning in *Church*, however, does not revolve around the basis of the tort claim, but whether the remedies available to the plaintiff are fully provided for by the MHRA.  The Court explained:

> The rule emerging from our prior decisions is that a statutory right of action shall not be deemed to supersede and displace remedies otherwise available at common law in the absence of language to that effect unless the statutory remedy fully comprehends and envelopes the remedies provided by common law.

*Id.* (citing *Detling v. Edelbrock*, 671 S.W.2d 265, 271-72 (Mo. banc 1984)).  Here, the MHRA provides a fully comprehensive remedial scheme enveloping the remedies available for the common law claims alleged by Plaintiff against Mr. Durham.  For that reason, the MHRA preempts Plaintiff's common law claims against him.  The MHRA provides a broad range of remedies including injunctive relief, actual damages, punitive damages, court costs, and attorney fees.  Mo. Rev. Stat. 213.111.  Plaintiff is not entitled to any other remedies for her common law claims.  In

---

[1] *Church* concerned allegations of MHRA violations that took place between 2014 and 2016. *Id.* at 25. The version of the MHRA that includes the exclusive-remedy language became effective in August 2017, after the events at issue in *Church*, but before the occurrence of the events of which Plaintiff complains. The revised language in the MHRA provides even more support for the conclusion that Plaintiff's tort claims against Mr. Durham are subject to dismissal.

fact, by providing for attorney fees, the MHRA provides Plaintiff with an additional remedy unavailable at common law. The holding in *Church*, therefore, clearly supports Defendant's position that removal is appropriate.

**C.     Plaintiff Fails to Cite Cases Supporting Remand.**

Plaintiff fails to present a basis to remand this matter. Although Plaintiff cites to *Weisman v. Barnes Jewish Hospital*, that decision further supports the conclusion that Mr. Durham was fraudulently joined. *Weisman v. Barnes Jewish Hospital*, 2020 WL 2800469, Case No. 4:19-cv-00075-JAR (E.D.MO. May 29, 2020). In *Weisman*, the Court noted that in the cases in which courts have found common-law torts preempted by the MHRA, there were allegations of discrimination or retaliation. Because *Weisman* had different claims such as breach of contract and defamation that were wholly unrelated to claims of discrimination or harassment, the court found they might not be preempted by the MHRA. Here, however, there is no doubt that Plaintiff's tort claims against Mr. Durham are directly related to his claims for discrimination and harassment under the MHRA. *See, e.g.,* Pl.'s Pet. ¶¶79, 82, 87. 91, 103(g).

Plaintiff also believes that *Matthews v. Syncreon.US*, Case No. 20-CV-6140-SRB, 2020 WL 6538332 (Nov. 6, 2020 W.D.MO.) supports remand. *Matthews*, however, is clearly distinguishable because the plaintiffs in that matter did not include the actions of the individual defendants in the counts alleging violations of the MHRA. In strong contrast, in this matter the only basis for claims under the MHRA are due to actions by Mr. Durham. *See, e.g.,* Pl.'s Pet. ¶¶79, 82, 87. 91, 103(g). It should be undisputed that without the actions of Mr. Durham, there would be no lawsuit against the Corporate Defendants under the MHRA. Furthermore, the actions of Mr. Durham were tied directly to the employment relationship. Plaintiff alleges that she feared she would lose her job if she told anyone what had occurred. Pl. Pet. ¶43.

6

Plaintiff also used the *Matthews* case to argue that his claims against Mr. Durham for battery are not preempted by the MRHA because Mr. Durham's actions were outside the scope of his employment. Plaintiff's Petition, however, directly contradicts her own argument. There are simply no factual allegations in Plaintiff's Petition that Mr. Durham was acting outside the scope of his employment. In fact, the factual allegations related to Mr. Durham indicate he was at all times acting as the store manager and supervisor. Pl. Pet. ¶¶ 7, 8, 33. For example, Plaintiff claims, "[a]t all times relevant hereto, Durham worked as a direct supervisor of Plaintiff and was an agent and/or employee for Defendants BB and Manna." Pl. Pet. ¶8.

Plaintiff also cites to the *Matthews* case to argue that the MHRA may not foreclose claims against a "co-employee." As explained in *Huskey*, however, the exclusive-remedy provision of the MHRA turns not on whether Mr. Durham was an employer, but on whether the plaintiff's alleged "injury or damages" arise from an "employment relationship." Mo. Rev. Stat. § 213.070.2. Here, they clearly do. Furthermore, even if the characterization of Mr. Durham as a "co-employee" had legal significance (which it does not), Plaintiff made no factual allegations that Mr. Durham was a "co-employee" of Plaintiff. In fact, Plaintiff emphasizes that Mr. Durham had power over Plaintiff as the store manager and as Plaintiff's supervisor, and that Plaintiff was hired *by Durham*. Pl. Pet. ¶¶ 7, 8, 31, 33. The characterization of Mr. Durham in the Petition contradict any argument that Mr. Durham is being sued as a "co-employee."

For these reasons, Plaintiff has presented no reason that he has a viable claim against Mr. Durham.

**D.     Plaintiff's Claim for Attorney's Fees Has No Basis.**

As noted above, Defendant has met and surpassed its burden to show that Mr. Durham was fraudulently joined and Plaintiff's Motion to Remand should be denied. In fact, Defendant has cited four cases directly on point, and has clearly distinguished the two main cases cited by

7

Plaintiff. Furthermore, the basis of Defendant's fraudulent joinder claim is the clear statutory requirement that the MHRA is the exclusive remedy for Plaintiff's employment-related claims. In addition, the plain language of Plaintiff's Petition shows that the basis of her lawsuit is for employment discrimination and harassment, and all of her claims under the MRHA rely on the alleged actions of Mr. Durham. For these reasons, the MHRA preempts all claims against Mr. Durham, making his joinder clearly fraudulent.

## **CONCLUSION**

In the end, the rule of law that this Court must apply is clear cut. The MHRA states that the MRHA is the exclusive remedy for Plaintiff's claims, which precludes her suit against Mr. Durham as a matter of law. For these reasons, Plaintiff fraudulently joined Mr. Durham to this lawsuit, this court has diversity jurisdiction, and the Court should deny Plaintiff's Motion to Remand.

 */s/  Julie Z. Devine*
Stephen L. Beimdiek          #32745MO
Julie Z. Devine              #58268MO
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939/Telephone
(314) 621-6844/Fax
sbeim@lashlybaer.com
jdevine@lashlybaer.com

*Attorneys for Defendants*
*BB St. Louis, LLC and Defendant Manna, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 16th day of November, 2020, the foregoing was electronically filed with the Clerk of the Court and served upon all counsel of record using the CM/ECF system, and a copy was mailed, via First Class U.S. Mail, postage prepaid, to:  Leon Demetrius Durham, 8668 Brittany Town Place, Hazelwood, Missouri 63042, Defendant.

                                        */s/  Julie Z. Devine*