IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| T.F., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:20-cv-01526-RLW |
| ) | |
| BB ST. LOUIS, LLC, d/b/a WENDY'S, et al, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO REMAND**

Plaintiff T.F., by and through her attorneys, in reply to Defendant's memorandum, state as follows:

Plaintiff did not fraudulently join Defendant Durham ("Durham"). Plaintiff T.F. ("Plaintiff") joined Durham under Fed. R. Civ. P. 20(a)(2) because his torts against her, as properly alleged in her Petition, create questions of law and fact which will arise in this action and are common to all defendants. Tellingly, Defendant BB does not contest that Durham engaged in the tortious conduct alleged in Plaintiff's Petition. (ECF No. 5).

Instead, Defendant BB asks this Court to stand in the place of the state court and decide that Plaintiff's tort claims are preempted by the Missouri Human Rights Act ("MHRA") and ignore the question of fact at issue—whether Durham was acting within or without the scope of employment when he sexually battered Plaintiff and inflicted emotional distress. Defendant knew this before removing the action to this Court but decided to remove anyway. Complete diversity does not exist because Durham is a Missouri resident, and Plaintiff respectfully requests the Court grant her Motion to Remand under 28 U.S.C. § 1447(c) and award her the fees and costs incurred in bringing this motion.

1

**A. Defendant Has Not Shown by A Preponderance of The Evidence That the District Court Has Original Jurisdiction.**

Defendant BB bears "the burden of establishing that the district court ha[s] original jurisdiction <u>by a preponderance of the evidence</u>." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) (emphasis added). "The relevant inquiry in analyzing fraudulent joinder, however, focuses only on whether a plaintiff "might" have a "colorable" claim under state law against a fellow resident." *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007); *cf. Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914) ("Merely to traverse the allegations upon which the liability of the resident defendant is rested or to apply the epithet 'fraudulent' to the joinder will not suffice."). The Court must resolve all facts and ambiguities in the law in the plaintiff's favor. *Filla v. Norfolk & S. Ry.*, 336 F.3d 806, 811 (8th Cir. 2003). "In situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand the case and leave the question for the state courts to decide. *Id.* at 810-11. More importantly, a defendant will be regarded as fraudulently joined only "when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (quoting *Filla v. Norfolk & S. Ry.*, 336 F.3d 806, 810 (8th Cir. 2003)).

Here, Defendant BB does not meet its burden to show—by the preponderance of the evidence—that Plaintiff does not have a potentially colorable claims against Durham. Defendant BB does not even argue that Plaintiff's claims lack a reasonable factual basis.

Defendant BB puts forth three primary arguments. First, Defendant BB misrepresents Plaintiff's claims to argue that distinguishable case law is applicable. Second, Defendant BB argues that Plaintiff has not adequately plead alternative claims. Third, Defendant BB argues that

one of Plaintiff's alternative claims is preempted by the MHRA because "they are based on the same facts that form the basis of her MHRA claims." [ECF No. #, p. 3]. However, none of Defendant BB's theories are cogent, and this Court should find that Plaintiff's Petition contains allegations sufficient to support a colorable claim against Durham.

### B. Plaintiff's Claims for Relief Arise from Different Injuries.

Plaintiff already distinguished *Huskey, Hoaglin, Winfrey, and Church* in her Memorandum in Support. The parties agree that the MHRA provides "the exclusive remedy for any and all **claims of injury or damages** arising out of an employment relationship." *See* § 213.070.2, RSMo (emphasis added). However, Defendant asks this Court to go a step further and find that all claims based on actions that occurred at work are preempted by the MHRA. Plaintiff brings tort claims against Durham because he continuously made harmful and offensive sexual contact with her body. Plaintiff brings MHRA claims against Defendants BB and Manna because when she complained of being sexually assaulted her employers failed to properly investigate her complaints, did nothing to prevent further assault, and ratified the retaliatory and hostile actions of their employees because of her sex.

Consider the unimaginable, but tragic scenario in which a disgruntled employee enters the workplace with a firearm and injures and kills fellow employees. Do the injuries and deaths arise from the "employment relationship", such that surviving employees and family of deceased employees are precluded from seeking relief against the disgruntled employee other than under the MHRA? That is precisely the argument Defendant BB seems to be making.

### C. Plaintiff Has Sufficiently Plead Alternative Statements of The Claim.

It is a general rule of pleading that a party may set out two or more **alternative or hypothetical** statements of a claim in a single count, regardless of their consistency. *See* Fed. R. Civ. P. 8(d)(2)-(3). Plaintiff has adequately plead two alternate theories that might entitle her to

3

relief under Missouri law. Plaintiff's Petition includes allegations that demonstrate Durham acted within the scope of his employment when he battered Plaintiff, thereby making Defendant BB liable, and also the alternative that Durham acted in his individual capacity when he battered Plaintiff. Demonstrative allegations from the Petition include:

| Acting Within the Scope of Employment | Acting in an Individual Capacity |
|---|---|
| "The agents . . . of Defendants identified above, were at all such times acting within the scope and course of their agency and employment; . . . and/*or their actions were ratified by Defendants, thus making Defendants liable.*"[1] | *No privilege*, excuse, or justification *existed for Durham's unwanted harmful or offensive touching* of Plaintiff.[2] |
| *Plaintiff's mother contacted . . . Director of Operations for Defendants BB and Manna, on behalf of her minor daughter*, to inform him of the unwelcome sexual advances, including touching, grabbing, groping, explicit language, and social media requests made by Durham to Plaintiff.[3] | *Durham forced Plaintiff's hand onto his genitalia* while making obscene motions mimicking masturbation. Plaintiff tried to pull away, yet Durham was able to maintain a tight grip on her wrist.[4] |
| *Defendants BB and Manna's district manager* told Plaintiff "We sat down and talked to Leon so he should behave and keep his hands to himself."[5] | On more than one occasion, *Durham took it upon himself* to rub and touch Plaintiff's shoulders.[6] |
| Instead of conducting a proper investigation and taking effective remedial action . . . *Defendants BB and Manna permitted Durham to continue to work with Plaintiff* and offered no recourse.[7] | *Durham raised up her shirt, laughed, snapped her underwear,* and said out loud to Plaintiff "your panties are dirty." Plaintiff . . . told him to "Stop!"[8] |
| The sex harassment, as aforesaid, *continued after Plaintiff complained to Defendants' management about the harassment.*[9] | Durham a/k/a "Mr. Boogie" *sent Plaintiff an invitation request on Instagram and Snapchat.* Plaintiff did not accept his requests.[10] |
| Plaintiff felt that the harassment, and subsequent inadequate and retaliatory responses to her complaints were intended to marginalize, demoralize, and silence Plaintiff and create and intolerably hostile work environment—in short, *to drive Plaintiff out of her employment with Defendants BB and Manna.*[11] | Durham repeatedly asked Plaintiff if she and her boyfriend have sex and inquired about sexual positions and oral sex. Durham asked, "you be sucking his dick?" . . . *Durham then grabbed Plaintiff's buttock and asked, "Do you like it when I do that?" Plaintiff replied, "No."*[12] |

---

[1] ECF No. 5 at ¶ 136.
[2] *Id.* at ¶ 152.
[3] *Id.* at ¶ 51.
[4] *Id.* at ¶ 47.
[5] *Id.* at ¶ 56.
[6] *Id.* at ¶ 41.
[7] *Id.* at ¶ 53.
[8] *Id.* at ¶ 45.
[9] *Id.* at ¶ 84.
[10] *Id.* at ¶ 44.
[11] *Id.* at ¶ 64.
[12] *Id.* at ¶ 49.

| | |
|---|---|
| As a direct result of Defendants' unlawful discriminatory practices, actions and failures to act . . . Plaintiff has sustained and continues to sustain damages, including . . . compensatory damages, **back pay, front pay, lost benefits, and damages for . . . diminished employment status**, and deprivation of [her] civil rights.[13] | *As a direct and proximate result of Defendant Durham's actions*, Plaintiff has suffered damages, including, . . . *emotional distress, embarrassment, humiliation, and loss of enjoyment of life*, all to Plaintiff's damages and detriment.[14] |

Whether nondiverse Defendant Durham sexually assaulted and battered Plaintiff is a foundational question of fact common to all Defendants that will arise in this action, which leads to a secondary question of whether he was acting in the scope of his employment at the time. Because Plaintiff has plead these alternative theories, the correct practice is for this Court to simply remand the case back to the state court, and not decide the following doubtful questions of state law which can be properly addressed by a Motion to Dismiss, if any, before the state court. *See Filla*, 336 F.3d at 810-11.

### D. Plaintiff's Alternative Statements of State Law Claims Against Individual Defendant Durham Are Not Barred by The Exclusive Remedy Clause of the MHRA.

Defendant argues that Plaintiff's alternative statements of individual tort claims against Durham are barred by the MHRA because they arise out of the employment relationship; essentially stating that Durham was acting within the scope of his employment with Defendant BB and Manna.

"The course and scope of employment is defined as acts (1) which, even though not specifically authorized, are done to further the business or interests of the employer under his 'general authority and direction' and (2) which naturally arise from the performance of the employer's work." *Argonaut Great Cent. Ins. Co. v. Valley Vill., L.L.C.*, No. 4:10 CV 2247 CDP,

---

[13] *Id.* at ¶ 133.     [14] *Id.* at ¶ 153.

2013 U.S. Dist. LEXIS 145928, at *12-13 (E.D. Mo. Oct. 9, 2013) (citing *Inman v. Dominguez*, 371 S.W.3d 921, 924 (Mo. Ct. App. 2012)).

Some actions can be **too outrageous** and unexpected **to ever be considered within the course and scope of employment.** *Id*. at 925-26. (emphasis added). "The fact that an act is done in an outrageous or abnormal manner has value in indicating that the servant is not actuated by an intent to perform the employer's business. *** In such cases, the facts may indicate that the servant is merely using the opportunity afforded by the circumstances to do the harm." *Inman v. Dominguez*, 371 S.W.3d 921, 925 (Mo. Ct. App. 2012) (quoting *Wellman v. Pacer Oil Co.*, 504 S.W.2d 55, 58 (Mo. 1973)).

Without making a formal admission Defendant BB, represents to this Court that Durham was acting within the scope of his employment when he cornered Plaintiff in the back office, forced her hands onto his genitals, snapped her panties, pulled her hair, and grabbed her buttock. Plaintiff alleges that this conduct is outrageous. (ECF No. 5, ¶ 155) ("The outrageous nature of Defendant Durham's conduct is amplified by his knowledge that Plaintiff was only seventeen years old."). Plaintiff alleges that Durham did not intend to further Defendant BB's business. (ECF No. 5, ¶ 154) ("Defendant's actions were outrageous because of Defendant's evil motive or reckless disregard as to the rights of Plaintiff."). Durham's intent is a question of fact, and whether his outrageous conduct can ever be considered to be within the scope of employment is a question of Missouri law. When reviewing a fraudulent joinder claim "[t]he correct practice is for the district court not to decide a doubtful question of state law in connection with a motion to remand, but simply to remand the case and leave the question for the state courts to decide." 16 Moore's Federal Practice 3d § 107.14[2][c][iv][C], at 107-69 (citing *Filla*, 336 F.3d at 810-811) (emphasis added).

In conclusion, Defendant has failed to establish by the preponderance of the evidence that none of Plaintiff's alternative claims are "colorable" claims that "might" entitle her to relief under Missouri law. Because there are doubtful questions of state law connected to this Motion to Remand, this Court should follow the established best practice, and simply remand the case back to the state court. *See Matthews v. Syncreon.US*, Case No. 20-CV-6140-SRB, 2020 WL 6538332, at *4 (W.D. Mo. Nov. 6, 2020) (finding reasonable basis in remanding case to state court because MHRA might not be the exclusive remedy against co-employees for intentional tort liability).

**E.   Remand To The State Court Is Appropriate Because There Is No Complete Diversity.**

Defendant has the very heavy burden of proving that federal jurisdiction exists. Defendant has failed to carry that burden. Plaintiff asserts multiple viable claims against Defendant Durham that may result in liability under Missouri law. Defendant's attempt to construe Durham's conduct as being within the scope of him employment with respect to the consideration of these claims is inappropriate. The claims against Defendant Durham are adequate for the purposes of a remand determination. Defendant Durham was neither improperly nor fraudulently joined in this action. Because nondiverse Defendant Durham is a citizen of the state of Missouri and has been properly and legitimately named as a party defendant in this action, there is not complete diversity of the parties. Accordingly, this Court lacks jurisdiction and removal from state court was improper.

**F.   This Court Should Award Plaintiff Her Costs.**

Plaintiff additionally seeks costs and attorney's fees incurred in the preparation of the current Motion. Under 28 U.S.C. 1447(c), "An order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The central question is whether Defendant had an objectively reasonable basis for seeking removal. Plaintiff chose to bring this action in state court, as is Plaintiff's right. Plaintiff named only proper defendants under the MHRA and under Missouri common law, as is Plaintiff's obligation. Defendants would simply prefer to litigate Plaintiff's case in a different forum than Plaintiff chose. Unfortunately for Defendants, they do not get to make that choice.

Because the removal in this case was improper, pursuant to 28 U.S.C. § 1447(c) and the case law cited above and in Plaintiff's Memorandum in Support of Her Motion to Remand, Plaintiff requests that the Court award them the reasonable costs and attorney's fees incurred in responding to Defendants' improper removal.

WHEREFORE, for all the reasons set forth herein, and in Plaintiff's Memorandum in Support of her Motion to Remand, Plaintiff moves that this Court grant Plaintiff's motion and remand this case back to the Circuit Court of St. Louis County and award Plaintiff her costs and attorneys' fees.

Respectfully submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606 MO
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:    (314) 932-7671
Facsimile:    (314) 932-7672
Email:    cyrus@dashtaki.com

Melvin D. Kennedy, #40430MO
Law Office of Melvin D. Kennedy, LLC
2001 S. Big Bend Blvd.
St. Louis, MO 63117
Telephone: (314) 561-3241
Facsimile: (314) 644-4303
Email: Melvin.KennedyLLC@gmail.com

*Attorneys for Plaintiff T. F.*

8

**CERTIFICATE OF SERVICE**

      The undersigned states that on November 20, 2020, a true and correct copy of the foregoing was filed electronically with the Court's filing system, and was served upon all counsel of record, and a copy was mailed, via U.S. Mail, postage prepaid, to: Mr. Leon Demetrius Durham, 8668 Brittany Town Place, Hazelwood, Missouri 63042.

                                                   /s/ Cyrus Dashtaki