UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| T.F., | ) |
|     Plaintiff | ) ) ) ) |
| v. | )   No. 4:20-CV-1526 RLW |
| BB ST. LOUIS, LLC, et al., | ) ) ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff T.F.'s Motion to Remand.[1] Defendants BB St. Louis, LLC, and Manna, Inc. (collective referred to as "the Corporate Defendants") oppose the motion. For the reasons that follow, the Court concludes federal diversity jurisdiction does not exist, and Plaintiff's motion to remand must be granted.

*I. Background*

Plaintiff filed this action in the Circuit Court of St. Louis County, Missouri, against BB St. Louis, LLC, d/b/a Wendy's ("BB"), Manna, Inc. ("Manna"), and Leon Demetrius Durham, an individual. In her state court Petition, Plaintiff alleges she was an employee of BB and Manna and worked as a crew member at Wendy's in St. Louis County. She maintains that while employed by the Corporate Defendants, she experienced "sexist, derogatory, sex-based harassment, insults, and bullying" and was subject to "explicit touching, groping, and grinding of [her] various body parts," none of which was welcome. (ECF No. 5 at 8). Plaintiff also alleges that when a complaint was made, the Corporate Defendants failed to conduct a proper investigation, and she was retaliated against by Defendant Durham and the Corporate Defendants.

---

[1] T.F., who was a minor at the time of the events alleged in her Petition, was granted leave by the state court to proceed under a pseudonym. See ECF No. 1, Ex. 1 at 48.

Plaintiff brings the following seven counts in her Petition: sex harassment in violation of the Missouri Human Rights Act ("MHRA") against the Corporate Defendants, (Count I); sex discrimination in violation of the MHRA against the Corporate Defendants, (Count II); unlawful retaliation in violation of the MHRA against the Corporate Defendants, (Count III); common law battery against Defendant Durham (Count IV); negligent hiring against the Corporate Defendants (Count V); negligent supervision against the Corporate Defendants (Count VI); and negligent infliction of emotional distress against all the defendants (Count VII).

On October 23, 2020, Defendant BB removed the cause of action to this Court.[2] In its Notice of Removal, Defendant BB alleges this Court has original jurisdiction over the dispute pursuant to 28 U.S.C. § 1332, "because all of the legitimate parties are citizens of different states and the amount in controversy exceeds $75,000." (ECF No. 1 at 2). Complete diversity, however, is lacking on the face of the Petition, as Plaintiff and Defendant Durham are alleged to be citizens of the State of Missouri. Defendant BB argues, however, that Defendant Durham was fraudulently joined to defeat diversity and, therefore, his citizenship should be disregarded for purposes of diversity jurisdiction. It argues all claims against Defendant Durham are preempted by the MHRA.

Plaintiff filed a motion to remand, which is presently before the Court. The Motion to Remand asserts complete diversity of citizenship does not exist because Plaintiff and Defendant

---

[2] Defendants Manna and Durham did not join in the Notice of Removal. Defendant Manna has since entered an appearance and joined in a motion to compel arbitration. Defendant Durham has yet to answer or otherwise respond to Plaintiff's Petition.

Durham share Missouri citizenship.[3]  Plaintiff argues she has stated valid claims against this individual defendant, and the case should be remanded for lack of subject matter jurisdiction.

For the following reasons, the Court concludes Defendant Durham was not fraudulently joined, because it is arguable Missouri state law might impose liability against this non-diverse defendant for battery and intentional infliction of emotional distress.  Accordingly, complete diversity of citizenship does not exist and, therefore, the Court does not have subject matter jurisdiction over this action.

## II.  *Allegations Relevant to the Motion*

Plaintiff alleges that at all times relevant to her Petition, she worked as a crew member for the Corporate Defendants at the Wendy's located in Bridgeton, Missouri, where she worked for approximately two years.  (ECF No. 5 at 3, 7).  Plaintiff was hired in May 2018, when she was 16 years old.  Defendant Durham was the store manager of the Bridgeton Wendy's and Plaintiff's supervisor.  According to the Petition, prior to his employment with the Corporate Defendants, Defendant Durham was charged and convicted of two felony sex crimes, including rape and first-degree sexual assault.  (ECF No. 5 at 7).

Plaintiff alleges that beginning in February 2019, Defendant Durham initiated the following physical contact with her on various occasions: placing his hand around her lower back and waist, moving downward toward her buttock; rubbing and touching her shoulders; grabbing and spanking her buttock; raising up her shirt and snapping her underwear; grabbing her by her

---

[3]There is no dispute that the requisite amount in controversy is met.  See 28 U.S.C. § 1332(a).

ponytail; gripping her by the wrist and forcing her hand onto his genitalia; and attempting to unzip her pants and touch her vaginal area outside her pants. (ECF No. 5 at 8-10). Plaintiff alleges she verbally objected to the contact, all of which was unwelcome.

According to the Petition, in August 2019, Plaintiff's mother contacted the Director of Operations for the Corporate Defendants to informed him of the unwelcome contact. Plaintiff alleges the Corporate Defendants failed to conduct a proper investigation and permitted Defendant Durham to continue to work with Plaintiff. (ECF No. 5 at 10). Plaintiff also alleges she was retaliated against by Defendant Durham, and that he inappropriately touched her on October 2, 2019. According to the Petition, sometime thereafter, Defendant Durham was transferred to another Wendy's location, but his stepdaughter was hired at the Bridgeton store. (ECF No. 5 at 11-12). Plaintiff alleges she became anxious and fearful she would be forced to see Defendant Durham again and felt compelled to resign. Plaintiff sates she was "constructively discharged" from her position as a crew member of Wendy's on May 1, 2020. (ECF No. 5 at 12).

Plaintiff brings the following claims against Defendant Durham: battery (Count IV) and negligent infliction of emotional distress (Count VII). With regard to battery, Plaintiff alleges Defendant Durham knew Plaintiff was 17 years old, and he intentionally touched Plaintiff in an offensive manner on at least 15 separate occasions. (ECF No. 5 at 23-24). In Count VII, Plaintiff does not allege this contact was in the scope of Defendant Durham's or Plaintiff's employment. Plaintiff does allege the contact was offensive and unwelcome and done with evil motive or reckless disregard of Plaintiff's rights.

With regard to intentional infliction of emotional distress, Plaintiff alleges all the defendants had a duty to use reasonable care to protect her from injury, and that "[d]efendants had

a duty to act with reasonable care to prevent Defendant Durham from touching Plaintiff in a matter that was offensive or harmful to Plaintiff," but that "[d]efendants failed to use reasonable care to protect Plaintiff from injury." (ECF No. 5 at 29). The defendants "breached their duty of care to Plaintiff by condoning, ratifying, and permitting Defendant Durham's physical touch of Plaintiff in a matter that was offensive or harmful to Plaintiff." (Id.) For both claims, Plaintiff seeks money damages against Defendant Durham, including punitive damages.

### III. Legal Standard

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1) there must be complete diversity of citizenship between plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). "It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 564 (2005) (cited case omitted). Where complete diversity of citizenship does not exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction.

Fraudulent joinder is an exception to the rule that complete diversity of citizenship must exist both when the state petition is filed and when the petition for removal is filed. Knudson v. Sys. Painters, Inc., 634 F.3d 968, 976 (8th Cir. 2011). "[A] plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.'" Id. (quoted case omitted). "The purpose of this exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." Id. (cited source omitted).

"Ordinarily, to prove that a plaintiff fraudulently joined a diversity-destroying defendant, [the Eighth Circuit Court of Appeals has] required a defendant seeking removal to prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" Knudson, 634 F.3d at 977 (quoting Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003)). Under this standard, "if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Filla, 336 F.3d at 810 (internal quotation marks omitted). Joinder is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Id. at 811.

As the Eighth Circuit explained in Filla,

> [T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law.

Id. at 811 (citations omitted). The Eighth Circuit instructed that "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question ... but simply to remand the case and leave the question for the state courts to decide.'" Id. (quoting Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977)). In deciding whether joinder is fraudulent, the court may not step from the threshold jurisdictional issue into a decision on the merits. Boyer v. Snap-on Tools Corp., 913 F.2d 108, 122 (3d Cir. 1990) (reversing district court's order denying remand); see also Filla, 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction.").

6

## *IV.   Discussion*

In her motion to remand, Plaintiff argues she has stated valid common law tort claims against Defendant Durham.   As both Plaintiff and Defendant Durham reside in Missouri, Plaintiff argues diversity jurisdiction does not exist, and this Court lacks federal subject matter jurisdiction to hear the dispute.   Plaintiff asserts the Court must remand the case to state court.

The Corporate Defendants respond that the MHRA preempts Plaintiff's common law tort claims against Defendant Durham.   They argue there is no basis for Plaintiff's tort claims against Defendant Durham, because the claims arose while she was employed by BB and are based on the same facts that form the basis of her MHRA claims.

Plaintiff counters that her claims have a reasonable basis in fact, and a Missouri state court might impose liability against defendant Durham.   Plaintiff asserts in her reply memorandum that it is undisputed her Petition sets forth the required elements of common law battery and negligent infliction of emotion distress against Defendant Durham.   Citing to Matthews v. Syncreon.us, Inc., No. 20-CV-6140-SRB, 2020 WL 6538332, at *4 (W.D. Mo. Nov. 6, 2020), Plaintiff further argues these claims are not preempted by the MHRA, because she does not have an "employment relationship" with Defendant Durham.   According to Plaintiff, Defendant Durham is not an employer as defined by the MHRA, but rather he was her co-employee and, therefore, she is allowed to state a claim against him independent of the MHRA.   Plaintiff asserts there is nothing in Missouri statute or case law to indicate the Missouri legislature intended the MHRA to preempt tort claims against a co-employee.

In 2017, the MHRA was amended to include the following language:   "This chapter, in addition to chapter 285 and chapter 287 , shall provide the exclusive remedy for any and all claims

for injury or damages arising out of an employment relationship." Mo. Rev. Stat. § 213.070.2. Since the inclusion of this language, the issue of preemption has arisen infrequently, and neither side has cited to a Missouri case holding the MHRA preempts common law claims for personal injuries against co-employees, and the Court has found none.[4] In a case where the new language of the statute did not apply, the Missouri Supreme Court ruled that the MHRA preempts common law claims against an employer, for example, negligent failure to train or wrongful discharge, but the Missouri Supreme Court did not hold that the statute preempts tort claims against a co-employee. State ex rel. Church & Dwight Co. v. Collins, 543 S.W.3d 22, 28 (Mo. banc 2018) (holding claims tor claims for negligence in employer's failure to hire, train, and supervise its employees, as well as wrongful discharge, are preempted by the MHRA). The undersigned has found no Missouri case holding tort claims against a co-employee for personal injuries are preempted by the MHRA.

Matthews v. Syncreon.us, Inc., a district court case from the U.S. District Court, Western District of Missouri, however, is nearly identical with the case at bar. 2020 WL 6538332, at *1. In Matthews, eighteen individual employees sued two corporate employers for violations of their civil rights under the MHRA. Id. One of the plaintiffs brought common law assault and battery claims against a non-diverse individual defendant, who was the plaintiff's co-worker. Id. at *3. The plaintiff alleged the individual defendant had shoved and pushed him out of the way. Id.

---

[4]In 2017, the MHRA was also amended to exclude individuals from the definition of "employer." Mo. Rev. Stat. § 213.010. Prior to the amendment, plaintiffs could bring claims against individual supervisors for violations of the MHRA. See Cooper v. Albacore Holdings, Inc., 204 S.W.3d 238, 244 (Mo. Ct. App. 2006) (holding supervisor may be found individually liable under the MHRA).

The case was originally filed in state court, and the corporate defendants removed to federal court, arguing the non-diverse individual defendant was fraudulently joined. Like the Corporate Defendant here, they argued that the plaintiff's common law tort claims against the individual defendant were preempted by the MHRA. Id. at *1. The district court in Matthews did not agree. According to the district court, the plaintiff had alleged, in the alternative, tort claims against the individual defendant that were outside the employment relationship. The district court wrote:

> On one hand, Plaintiff[ ] allege[s] [the individual defendant] "was acting within the course and scope of his employment [ ] when he battered Plaintiff." . … Plaintiff[ ] also allege[s] that [the individual] was "furthering the interest of his employer" by committing the battery against Plaintiff[ ], which allegedly helped perpetuate and maintain the racially hostile work environment. . . . However, Plaintiff[ ] also allege[s] that "[e]ven without the context of the racial tensions, the shove and the demand to 'get outta the way' offended Plaintiff's reasonable sense of personal dignity." . . . Plaintiff [ ] specifically asks to recover individually from [the individual defendant] for the alleged battery and assault.

2020 WL 6538332, at *3 (internal citations omitted). Based on these allegations, the district court in Matthews found the plaintiff had pleaded a claim for battery and assault against the individual defendant in his individual capacity outside an employment relationship and as an alternative basis for recovery. Id.

The district court in Matthews further found that the claim was not preempted by the MHRA. Quoting the language of the statute, the district court noted that the MHRA is "the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." Id. (quoting Mo. Rev. Stat. § 213.070) (emphasis added). The court in Matthews noted, however, that the statute does not define "employment relationship." Id. The district turned to the MHRA's definition of "employer" and remarked that it specifically excludes

individuals.[5] The Matthew concluded, based in part on this language and exclusion, that a Missouri court might find the MHRA "does not shield co-employees from intentional tort liability." Id. at *4. The district court further wrote: "Nothing indicates, either in statute or Missouri case law, that the Missouri legislature intended to grant complete immunity from all liability for co-workers. For purposes of the fraudulent joinder analysis, the Court concludes that a state court might find that the MHRA only preempts common law torts which are specific to an employee-employer relationship. . . . [A] state court might conclude that Missouri law would not impose liability against a co-employee for a violation of human rights, but would impose liability for assault, battery, and other common-law causes of action." Id. (citing Filla, 336 F.3d at 810; State ex rel. Church & Dwight Co., 543 S.W.3d at 28). The undersigned finds the reasoning in Matthews to be persuasive. This Court agrees there is a reasonable basis for finding that a Missouri state court might impose liability on a co-employee for a common law tort resulting in personal injury, notwithstanding the preemption clause of the MHRA.

Furthermore, the Court finds the cases cited by the Corporate Defendants are distinguishable from the case at hand. In Huskey v. Petsmart, Inc., No. 18-00813-CV-W-NKL, 2019 WL 122873 (W.D. Mo. Jan. 7, 2019), the plaintiff sued her employer, as well as two individual defendants. The claims against the individual defendants, however, were not for personal injury, but rather she brought claims against the individual defendants for civil conspiracy

---

[5] "'Employer,' a person engaged in an industry affecting commerce who has six or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and shall include the state, or any political or civil subdivision thereof, or any person employing six or more persons within the state but does not include corporations and associations owned or operated by religious or sectarian organizations. 'Employer' shall not include: . . . (c) An individual employed by an employer." Mo. Rev. Stat. § 213.010.

to violate her rights under the MHRA, which the district court found were preempted by the MHRA 2019 WL 122873, at *3. Under that plaintiff's theory of liability, there would be no recovery without a finding of a violation of the MHRA. In other words, the claims against the individual defendants did not stand on their own without a violation of the MHRA. Here, plaintiff seeks to pursue claims against Defendant Durham under Missouri common law for the torts of battery and intentional infliction of emotional distress. These are stand-alone claims Plaintiff could have brought against Defendant Durham without alleging violations under the MHRA or making allegations against her employer. The Court finds Huskey is distinguishable from the case at bar.

The Corporate Defendants also cite to Winfrey v. Ford Motor Co., No. 4:19-CV-00889-DGK, 2020 WL 1558117 (W.D. Mo. Apr. 1, 2020), in support of their argument that Defendant Durham was fraudulently joined. Winfrey was before the district court on a motion to dismiss. Id. at *1. In that case, the pro se plaintiff had brought claims under the MHRA, which were untimely, as well as common law tort claims for breach of contract, negligence, and intentional or negligent infliction of emotional distress, all of which were against his employer. Applying the standard of Fed. R. Civ. P. 12(b)(6), the district court found all the common law tort claims were preempted by the MHRA, because they were against the plaintiff's employer. Id. Unlike here, the plaintiff in Winfrey did not bring claims against any individual defendant. As the case did not involve fraudulent joinder, and there were no claims against an individual defendant, the Court finds Winfrey sheds little light on the issue at hand.

Finally, the Corporate Defendants cite to Hoaglin v. HyVee Inc., No. 6:18-03262-CV-RK, 2019 WL 1928536 (W.D. Mo. Apr. 30, 2019), in support of their fraudulent joinder argument. In

Hoaglin, the plaintiff sued her employer under the MHRA. Many months later, after the deadline to amend had expired, the plaintiff attempted to amend her complaint to add additional tort claims against individual defendants. Id. at *1. Applying the standard of Fed. R. Civ. P. 15, the district court denied the plaintiff's motion to amend, finding the claims were preempted by the MHRA. Id. In reaching its conclusion that the claims were preempted, the district court did very little legal analysis. The district court wrote it was basing its ruling on a recent Missouri Supreme Court decision, however, it cited to Huskey v. Petsmart, Inc., 2019 WL 122873, a U.S. District Court case. 2019 WL 1928536, at *1. The undersigned finds Hoaglin is neither controlling nor persuasive.

In sum, the Court finds the Corporate Defendants have failed to meet their burden and have not established Defendant Durham was fraudulently joined to defeat diversity jurisdiction. Joinder is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Filla, 336 F.3d at 811. In cases such as this one, where the issue of state law is unsettled and "questionable," the Eighth Circuit has instructed that "'the better practice is for the federal court not to decide the doubtful question ... but simply to remand the case and leave the question for the state courts to decide.'" Id. (quoting Iowa Public Service Co., 556 F.2d at 406). As Plaintiff has pleaded an alterative theory of recovery against Defendant Durham for the common law torts of battery and intentional inflection of emotional distress, the Court finds there is a reasonable basis to conclude that a Missouri state court might find the claims are not preempted by the MHRA. Therefore, the Court will remand this case to state court for further proceedings.

## V. Attorney's Fees

In her motion, Plaintiff also requests that the Court award her attorney's fee and costs in connection with her Motion to Remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[W]hen the removing party lacks an objectively reasonable basis for its removal, fees should be awarded." Martin v. Franklin Capital Corp., 546 U.S. 132, 132 (2005). While the Court finds it lacks jurisdiction over this case, the Court does not find that the Corporate Defendants lacked a reasonable basis for seeking removal. Therefore, Plaintiff's request for attorney's fees and costs will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff T.F.'s Motion to Remand is **GRANTED**. [ECF No. 16]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, Missouri.

An appropriate Order of Remand will accompany this memorandum and order.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 10th day of February, 2021.